44 N.J. Super. 332 (1957)
130 A.2d 409
BOROUGH OF BARNEGAT LIGHT, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, IN THE COUNTY OF OCEAN, PLAINTIFF,
v.
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF OCEAN, IN THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 25, 1957.
*335 Mr. William S. Grimaldi, attorney for plaintiff.
Mr. Percy Camp, attorney for defendant.
EWART, J.S.C.
By this suit in lieu of prerogative writ plaintiff seeks to invalidate a resolution (Exhibit P-2) adopted by the Board of Chosen Freeholders of the County of Ocean on May 2, 1956, which provided generally for the acquisition and taking over as a county road of all that portion of 20th Street in the said borough extending from Central Avenue (Long Beach Boulevard) northwestwardly to the high water line of the easterly shore of Barnegat Bay, which high water line is the boundary line between the said borough and the Township of Long Beach, and which resolution further provided for the acquisition of such real estate, or interest therein, by condemnation if necessary, as might be required for said improvement.
By paragraph 4 of the pretrial order made in this cause on September 28, 1956, it is stipulated that the first resolution adopted by the board of chosen freeholders on March 21, 1956 (Exhibit P-1); the giving of notice of public hearing to be held April 18, 1956; and the holding and *336 conduct of said hearing on the date last mentioned complied with the statutory requirements insofar as concerns the formalities connected therewith; that plaintiff borough, by its officials and representatives, attended the said public hearing held April 18, 1956 and were afforded a full and adequate opportunity to be heard; and that the said board of chosen freeholders had ample funds appropriated in its capital improvement fund to cover the cost of the making of said improvements.
At the opening of the trial of this cause, the parties by their respective counsel further stipulated:
(1) That Central Avenue, otherwise known as Long Beach Boulevard, is a county road extending through the Borough of Barnegat Light.
(2) That Barnegat City Improvement Co., former owner of the territory now comprising the Borough of Barnegat Light, caused a map of its property to be prepared by A.P. Irons dated December 21, 1880, filed in the Ocean County Clerk's Office June 14, 1881, dividing the area now comprising the said borough into streets, lots, blocks, etc., and showing thereon, inter alia, 20th Street of a width of 70 feet (Exhibit D-8), extending from Seaview Avenue on the east in a general northwestwardly direction, crossing Central Avenue, otherwise known as Long Beach Boulevard, to Bayview Avenue on the west, but not beyond Bayview Avenue (see map marked Exhibit P-4).
(3) That the said land company caused copies of said map to be circulated; sold lots therefrom; and that the action of the land company amounted to a tender of dedication of the streets shown on said map, including 20th Street, for public use.
(4) That the acts of the borough (whose name was changed from that of Barnegat City to Barnegat Light), including the improvement of 20th Street with state aid, constituted a sufficient acceptance of the tender of dedication to constitute 20th Street a public street from Central Avenue northwestwardly to Bayview Avenue as shown on said map (Exhibit P-4).
*337 (5) That the borough has been the owner of the fee of the soil of the lands lying between Bayview Avenue as shown on said map and the mesne high water mark of Barnegat Bay in the area of 20th Street since the year 1929, the borough having acquired title to said lands by deed from Barnegat City Improvement Co., dated May 6, 1929, and recorded in the Clerk's Office of Ocean County May 9, 1929 in Book 823 of Deeds, page 86.
(6) That the affidavits and maps and documents annexed thereto, submitted to the court in connection with the defendant's motion for summary judgment, which motion was denied, shall be considered in evidence in this cause to the same extent as if testified to by witnesses under oath, excepting that the court is to disregard any hearsay statements or statements of conclusions as may be contained in said affidavits.
(7) That the affidavit of Mr. William S. Grimaldi filed in said cause, dated November 28, 1956, shall be admitted in evidence and marked Exhibit P-5, subject however to the same qualifications and limitations as stated respecting the other affidavits above mentioned.
Referring to the pretrial order made in this cause and dated September 28, 1956, at the conclusion of the trial plaintiff abandoned the points raised under paragraph 2, subsections E and G, and the defendant abandoned points raised in paragraph 3, subsections D, F and G.
In addition to the factual matters stipulated as recited above, from the pretrial order, pleadings, exhibits and other proofs in the cause, I find the pertinent facts necessary to a disposition of this cause to be as follows:
Plaintiff, Borough of Barnegat Light (formerly known as Barnegat City), is a municipal corporation located at the northerly end of Long Beach Island in the County of Ocean. It is bounded on the east by the Atlantic Ocean; on the north by Barnegat Inlet; on the west by the high water line on the easterly shore of Barnegat Bay; and on the south by the northerly boundary line of Long Beach Township. And the high water line on the easterly shore of *338 Barnegat Bay is likewise the boundary line between the said borough and the said township, (Exhibit P-4). There are three public streets running in a general northwardly and southwardly direction through the borough, namely Seaview Avenue on the east along the ocean; Central Avenue (otherwise known as Long Beach Boulevard), about midway between the ocean and bay; and Bayview Avenue on the west, running generally parallel to the bay shore. In addition, a street known as Broadway runs diagonally across the island from Seaview Avenue at 12th Street to Barnegat Inlet. Additionally, there are cross streets running generally east and west, beginning with 1st Street on the north and ending with 29th Street on the south (Exhibit P-4). All of the lands now comprising the Borough of Barnegat Light were formerly owned by Barnegat City Improvement Co., which company caused the lands to be mapped, divided into lots, blocks, streets and avenues as shown on the map (Exhibit P-4), said map having been surveyed and drawn by A.P. Irons, C.E., December 21, 1880 and filed in the Ocean County Clerk's Office June 14, 1881. On said map 20th Street, which is in controversy in this suit, is shown extending from Seaview Avenue on the east westwardly crossing Central Avenue, or Long Beach Boulevard, to Bayview Avenue on the west. The original map does not show 20th Street extending to the west of Bayview Avenue, and does show a strip of unplotted land between the westerly side of Bayview Avenue and the high water line of the bay (Exhibit P-4).
High Bar Island lies in Barnegat Bay about 1,500 feet west of the easterly shore of Barnegat Bay, which is the boundary line between Borough of Barnegat Light and the Township of Long Beach; contains approximately 800 acres in area; and has been mapped and subdivided into something over 2,500 building lots. And some 3,000 feet farther out in the bay, to the north, are islands known as Sunset Shoal, comprising something over 400 acres in area, (Exhibit P-12). Both islands lie in the Township of Long Beach west of the Borough of Barnegat Light.
*339 In 1945 the U.S. Government, having acquired by condemnation easement rights, created by means of a hydraulic fill a sand dike beginning at the westerly end of 20th and 21st Streets in the Borough of Barnegat Light, extending thence in a general northwardly direction to the bay and across High Bar Island and continuing thence northwardly through another section of the bay and across the islands known as Sunset Shoal (Exhibit P-12). This dike built by the government was erected in connection with the improvements to Barnegat Inlet and was designed to divert the tidal flow into a newly constructed channel of Barnegat Inlet. The sand dike was pumped in to a height of about seven feet above high water, and as much as 11 feet above high water at some points; is from six to seven hundred feet in width at water level; about 200 feet in width at the top of the dike; and the sand from the building of the dike spilled over as far as Central Avenue (Long Beach Boulevard) in the Borough of Barnegat Light and for a considerable distance along the bay shore north and south of the dike. It completely obliterated the former high water mark on the easterly shore of the bay at 20th and 21st Streets and for some distance north and south thereof.
In 1946 the Borough of Barnegat Light with state aid and under supervision of the late Benjamin Sleeper, Borough Engineer, improved 20th Street from Central Avenue on the east, westwardly crossing Bayview Avenue for a total distance of some 715 to 720 feet. It was improved by grading to a width of 30 feet, graveling for the same width, with a three-foot slope on each side of the 30-foot-wide improvement. And in subsequent years 20th Street was further maintained and improved by scraping and by applying oil to the surface thereof so as to afford a hard surface highway. At the westerly end of 20th Street, as a part of the improvement of said 20th Street, there was erected a wooden barrier by sinking posts into the ground and fastening heavy boards thereto. Then the barrier was painted. That barrier is located 123.5 feet west of the westwardly side of Bayview Avenue, near, but not identical *340 with, the end of the improvements to the street. In fact, the improvement by grading and graveling of 20th Street extended some five to eight feet beyond and to the west of said barrier.
The proofs disclosed and I find as a fact that the westerly end of 20th Street as built by the borough with state aid in 1946 extended beyond the former high water line and is at a point a few feet west of the former high water line on the easterly shore of the bay as the same existed before it was obliterated by the sand dike in 1945, and that the edge of the meadow marking the high water line of the easterly shore of the bay as it existed prior to the building of the sand dike is located beneath the sand at a point approximately 1 1/2 feet west of the said wooden barrier erected in 1946 (Exhibits P-3, D-12, and D-11).
As mentioned, the original maps (Exhibits P-4 and P-9) reveal that 20th Street ends at Bayview Avenue and it does not extend beyond Bayview Avenue. However, by deed dated May 6, 1929 and recorded in the Ocean County Clerk's Office May 9, 1929 in Book 823 of Deeds at page 86 et seq., the said borough acquired from Barnegat City Improvement Co. the fee title to certain lands including the lands lying between Bayview Avenue shown on the map, and the high water mark of the bay, subject to certain restrictions as to use (Exhibits P-4 and D-6, and there was a so-called corrective deed between the same parties dated October 27, 1932 and recorded in said Clerk's Office June 9, 1933 in Book 942 of Deeds, page 287 (Exhibit D-7).
Thus when the borough undertook in 1946 to build and improve 20th Street from Central Avenue (Long Beach Boulevard) westwardly to the bay, there had been a tender of dedication of 20th Street to the public by the filing of the map in 1881, and the sale of lots therefrom (Exhibit P-4), and the borough owned the fee title to the lands lying between Bayview Avenue and the high water line of the bay. In this situation, the borough applied to the State Highway Department for state aid for the building of 20th Street from Central Avenue westwardly to Barnegat Bay. *341 The state aid was granted and the street was built by the borough (Oliver Cox, contractor), as specified (Exhibits D-8, D-9, D-11, D-12, together with affidavit of Oliver E. Cox annexed to defendant's notice of motion for summary judgment). And thereafter for several years the borough applied for and received state aid for the maintenance of the various borough streets, including 20th Street as built in 1946.
The borough's application for state aid for the building of 20th Street was signed by the borough officials, sealed with the borough seal, provided for the building of 20th Street from Central Avenue (Long Beach Boulevard) westwardly across Bay Avenue to the bay, and borough funds as well as state aid moneys were expended in the building of said street (see affidavits admitted in evidence by stipulation, and exhibits annexed thereto attached to defendant's motion for summary judgment).
On motion adopted by borough council on November 2, 1946, Borough Engineer Benjamin Sleeper was authorized to make a complete map of the borough, which he did, the map being dated December 6, 1946 (Exhibits D-8 and D-9). Although the borough minutes fail to reveal any formal approval of the map after it was made, the minutes of April 5, 1947 show the adoption of a motion to pay Mr. Sleeper $350 for his services in having made the map.
For the year 1950 the borough, by its engineer, Benjamin Sleeper, applied for state aid for the maintenance of borough streets and in connection therewith certified to the State Highway Department a map showing the borough streets, including 20th Street (Exhibit D-8), and for the year 1956 the borough, through its present engineer, Frank Sleeper, prepared and filed with the State Highway Department a similar application with a similar map showing 20th Street (Exhibit D-10). Both of these maps show 20th Street extending west of Bayview Avenue and practically to the shore of the bay.
In the year 1952 Frank Sleeper, the present borough engineer, was authorized to and did prepare a zoning map of *342 the borough in connection with the zoning ordinance adopted by borough council on August 16, 1952 (Exhibit P-7). And on instruction from borough council, in November of 1955 (after the present controversy had arisen) he prepared a revised zoning map (Exhibit P-13), which revised map shows that lands south of 19th Street, lying between Bay Avenue and the high water mark of the bay, together with some 40 feet of Bayview Avenue zoned as "Bayview Park."
At a meeting of borough council held May 2, 1953 a motion was adopted authorizing Borough Engineer Frank Sleeper to make a survey for a proposed bathing beach on the bay front, extending from 24th to 26th Streets. At a meeting held October 3, 1953 Mr. Sleeper's bill for the preparation of the bathing beach map (Exhibit P-8) was approved and ordered paid in the sum of $233.94. However, in fact, the bathing beach has never been built although funds are said to have been appropriated for that purpose in the 1956 budget of the borough.
December 12, 1955 (after the present controversy had arisen), the borough adopted an ordinance to establish on the bay front a public park and recreation area to be known as "Bayview Park." (Copy of the ordinance is annexed to the affidavit of Mabel B. Butler, filed in opposition to defendant's motion for summary judgment). So far as the proofs disclosed, nothing has ever been done looking to the actual building and use of the public park, other than the adoption of said ordinance.
In August of 1956 Frank Sleeper, the present borough engineer, made up for the borough a map showing proposed water main extensions, which showed 20th Street extending westwardly of Bayview Avenue to a point beyond and west of the former high water line of the bay.
The borough records do not disclose that any ordinance was ever adopted formally opening and laying out 20th Street, nor do the records disclose that any ordinance was ever adopted vacating any of the public rights in 20th Street or in Bayview Avenue in the area involved in the present suit.
*343 There was testimony, uncontradicted, that an examination of the borough records back to 1902 fails to reveal that the borough ever formally accepted or approved any of the maps of the borough above referred to, although the borough itself did sell lots from a copy of the 1880 map (Exhibit D-9), a copy of which map was for years tacked to the wall in the borough offices. Copies of some of said maps from which the borough sold lots were given away by the borough clerk, and additional copies were sold at 25 cents each, that is, up until the year 1946 when the borough had Mr. Benjamin Sleeper prepare a new map of the borough (Exhibits D-8 and D-9).
After the sand dike was built by the U.S. Government in 1945, and after 20th Street was built and improved by the borough from Central Avenue (Long Beach Boulevard) westwardly to the bay in 1946, many people drove in their automobiles from Central Avenue westwardly through 20th Street out onto the sand dike, thence continuing on the dike to High Bar Island, and thence still continuing on the dike out to Sunset Shoal Islands for the purpose of fishing, crabbing, clamming, bathing, etc. There was no improved road on the top of the dike, but grass grew on the fill that had been pumped up there, and the top of the dike, although providing a rough road for vehicles, was passable and was used.
In 1955 and 1956 Edward J. Patnaude, High Bar, Inc., Freda Associates, Inc., Arnold J. Desiderio, having purchased and started the improvement and development of High Bar Island and Sunset Shoal Islands, to which access was gained by vehicular traffic over Central Avenue (county road), thence over 20th Street as improved out to the sand dike, and thence over the sand dike to the islands, were blocked from gaining access to their properties by action of Barnegat Light officials who took the position that 20th Street ended at Bayview Avenue, that the lands west of Bayview Avenue to the bay were park lands over which the owners of the islands had no right to trespass; and thus a controversy arose which resulted in the said property *344 owners petitioning the Board of Chosen Freeholders of the County of Ocean to take over 20th Street from Central Avenue westwardly to the bay and sand dike as a county road (see Exhibits D-1, D-2 and D-3). And the Township of Long Beach, within whose territories said islands are located, joined in the application to the board of chosen freeholders (Exhibit D-4).
The reasons motivating the borough authorities in their opposition to the improvement and development of High Bar Island and Sunset Shoal Islands in Barnegat Bay were quite clearly stated on the record by Theodore R. Barber. Mr. Barber has been a resident of the Borough of Barnegat Light since 1914; served as a member of council from January 1, 1941 to May 26, 1942; again in 1948 or 1949; and again from January 1, 1954 to the present time; was clerk of the borough from November 1, 1949 until September 15, 1950, and is quite well acquainted with conditions in and around the Borough of Barnegat Light. Inter alia, he stated in substance that the boundary line between the Borough of Barnegat Light and the Township of Long Beach should not have been the high water line on the easterly shore of Barnegat Bay but should have been out in the middle of the bay, so that High Bar Island and Sunset Shoal Islands would have been within the territory of the Borough of Barnegat Light; that High Bar Island is one of the loveliest and finest locations along the Jersey coast and should be developed because it is a beautiful spot; that the whole controversy involved in the present suit, and in other pending litigation in the Court of Chancery, could be readily settled if the Commissioners of Long Beach Township would adopt a resolution and State Senator Mathis would get legislation through transferring High Bar Island from the Township of Long Beach to the Borough of Barnegat Light; that such action would entirely solve the problem; and with that accomplished then the governing body of the borough would no longer be obliged to obstruct the developers of High Bar Island and the borough would be happy to *345 have Ocean County take over and maintain 20th Street out to the sand dike and thence to High Bar Island. And Mr. Barber suggested that High Bar Island needs to be joined to the Borough of Barnegat Light because otherwise the people on High Bar Island would have no access to the Atlantic Ocean, no beach front, and as things now exist the Borough of Barnegat Light has no bay front open to development because the deed from the land company to the borough in 1929, conveying title to lands along the bay front restricted the use that might be made of such lands.
As a result of filing of petitions with the board of freeholders and of the other actions mentioned above, the board of freeholders, through its clerk, wrote the clerk of the borough on December 6, 1955 inviting the borough officials to a conference with the board of freeholders to be held December 14, 1955, and such conference was held (Exhibit P-10). Thereafter no official action seems to have taken place until March 21, 1956, on which date the board of freeholders adopted a resolution proposing to take over 20th Street from Central Avenue westwardly to the bay as a county road and giving notice of hearing to be held thereon on April 18, 1956 (Exhibit P-1). Public hearing was conducted before the board of freeholders on April 18, at which the owners and developers of High Bar and Sunset Shoal Islands were present or represented by counsel, and officials of the Borough of Barnegat Light were represented, and at that time a full hearing and discussion was had. The hearing on April 18 concluded according to Theodore R. Barber, who was in attendance, with the announcement that the people would be advised later of any action taken by the board of freeholders.
May 2, 1956, the next regular meeting of the board of freeholders after April 18, the board adopted a resolution (Exhibit P-2) determining to take over and acquire 20th Street in the Borough of Barnegat Light from Central Avenue westwardly to the boundary line between the borough and the Township of Long Beach as a county road to a uniform width of 70 feet, and providing for the acquisition *346 by condemnation or otherwise of such real estate or interest therein as might be necessary for that purpose.
May 3, 1956, Judge Camp, as county solicitor, wrote the clerk of the borough enclosing a copy of the resolution of May 2, etc. (Exhibit P-11).
Thereupon this suit was instituted by complaint filed in the office of the Clerk of the Superior Court on May 11, 1956.
Plaintiff borough contends that the action of the board of chosen freeholders in adopting a resolution (Exhibit P-2) on May 2, 1956, to take over 20th Street from Central Avenue northwestwardly to the bay as a county road, is invalid for the reasons set forth below:
FIRST: That, absent consent by the borough, there is no statutory or other authority to justify the action of the board of chosen freeholders.
The answer to that contention is to be found in L. 1918, c. 185, as amended. R.S. 27:16-1 et seq. That statute, in addition to authorizing every board of chosen freeholders to lay out and open free public roads in the county and to improve the same, etc., expressly authorizes the freeholders to acquire roads and highways, or portions thereof, within the limits of the county. I understand it to be common practice throughout the State for boards of chosen freeholders to take over certain existing township and borough roads or streets and to thereafter maintain them at the expense of the county, thus relieving local municipalities from such obligations. And to accomplish the power thus conferred upon boards of chosen freeholders, the statute, R.S. 27:16-2, authorizes the board of chosen freeholders to acquire by purchase, gift or condemnation any public road, toll road, private road or by-road, or any portion thereof, or any real estate or interest therein. True that one section of the act, R.S. 27:16-5, authorizes the board of chosen freeholders to take over an existing public road with the consent of the local municipality, thus avoiding the necessity to purchase or condemn, but that section of the act merely provides one of the methods for the freeholders to take over an existing street and is not, I think, to be regarded as *347 a limitation upon the authority of the board of chosen freeholders given in other sections of the act. Cf. City of Newark v. New Jersey Turnpike Authority, 7 N.J. 377, at 387 (1951).
In view of the plain provisions of the statute, I am compelled to reject as unfounded this contention of the plaintiff.
SECOND: That that portion of 20th Street lying between Bayview Avenue and the high water mark of the bay was not, at the time of adoption of the resolution by the county, an existing public street, but was in fact unimproved land, the fee title to which was in the borough, and that the defendant board of chosen freeholders was without authority to acquire by condemnation such property owned by the borough.
True that the various maps of the borough referred to above show 20th Street as not extending westwardly from Bayview Avenue to the high water mark of the bay; however, the borough acquired fee title to this land between Bayview Avenue and the high water mark of the bay in 1929 by deed from Barnegat City Improvement Co. (Exhibit D-6). The sand dike referred to above was built by the U.S. Government in 1945. After the building of the dike, in September of 1945 plaintiff borough applied for and was granted state aid for the building and improvement of 20th Street from Central Avenue northwestwardly, crossing Bayview Avenue, to the high water mark of the bay (see R.S. 27:15-1 et seq.), and the street was accordingly built out to the former high water line of the bay in 1946, and borough funds and state aid money expended for that purpose. In its application for state aid the borough certified that it owned the right of way to the bay. And in succeeding years the borough applied for and received state aid for the maintenance of 20th Street out to the westerly end thereof as so built in 1946. Thus, the borough by its conduct clearly manifested an intention to dedicate municipally-owned land to a particular public use, namely, to the building of a public street over this municipally-owned land so as to extend 20th Street to the *348 bay and afford the general public access to the waters of the bay. It is to be presumed under the circumstances that the borough intended to accept in behalf of the public its own acts of dedication. Koch v. Borough of Seaside Heights, 40 N.J. Super. 86 (App. Div. 1956), affirmed 22 N.J. 218 (1956). True, there was no formal resolution of acceptance adopted by borough council, but such formal acceptance was not necessary under the circumstances to constitute 20th Street a public street the whole of the distance to the waters of the bay. Long Branch v. Toovey, 104 N.J.L. 335, 338 (E. & A. 1928).
Even disregarding the power conferred upon the board of chosen freeholders by R.S. 27:16-2 to acquire any real estate or interest therein, I conclude that in fact and in law 20th Street in the borough, from Central Avenue northwestwardly to the bay, has been a public street since 1946 and was a public street owned by the plaintiff borough at the time of the adoption on May 2, 1956 of the resolution (Exhibit P-2) by the board of chosen freeholders.
THIRD: That 20th Street, as described in the resolutions (Exhibit P-1 and P-2) adopted by the board of chosen freeholders, would extend across public park lands owned by the borough and that the board of chosen freeholders was without authority to lay out or open a county road through such park lands.
By deed from Barnegat City Improvement Co. dated May 6, 1929 (Exhibit D-6), the plaintiff borough acquired title to large tracts of land including beach lands bordering the Atlantic Ocean and bay front lands lying between Bayview Avenue as shown on the map, and the high water line of the bay. That deed of conveyance however contained the following restriction and reservation:
"THAT the said tracts of land conveyed hereby shall never be used, on whole or in part, for any private purpose and shall never be leased or conveyed by the Borough of Barnegat City to any private person or corporation, and shall be used only for beach or park purposes; and this conveyance is made upon the express condition that if the said party of the second part uses the said land for purposes other than park and/or beach purposes the title hereby *349 conveyed shall and will revert to the party of the first part; provided, however, that these conditions, limitations and restrictions as to the use of said property conveyed, shall not apply to property north of Tenth Street and west of Bayview Avenue."
After this controversy arose between the plaintiff borough and the owners and developers of High Bar Island and Sunset Shoal Islands concerning the use by the latter of 20th Street in the Borough of Barnegat Light to gain access to the sand dike built by the U.S. Government and thence across the top of the dike to the islands mentioned, the plaintiff borough on December 12, 1955 adopted an ordinance establishing a public park and recreation area to be known as "Bayview Park," the boundaries of which were on the north the northerly line of 19th Street projected to the bay; on the west the high water line of the bay which is the boundary between the plaintiff borough and the Township of Long Beach; on the south the southerly boundary line of the borough; and on the west a line parallel to and distant 40 feet eastwardly from the westerly side line of Bayview Avenue as shown on said maps. Thus the park, according to the description contained in the said ordinance, included 40 feet of Bayview Avenue from 19th Street on the north to the southerly boundary line of the borough on the south; all of the lands between Bayview Avenue and the high water line of the bay from 19th Street on the north to the southerly boundary line of the borough; and that portion of 20th Street built with state aid in 1946 extending from Bayview Avenue out to the bay. This so-called park ordinance prohibited vehicles of any kind and any kind of machinery or equipment from crossing the park; provided penalties upon conviction of the violation of the ordinance of a fine not exceeding $200, or not exceeding 60 days in jail, or both; and provided that each separate entrance upon or crossing of said park lands should constitute a separate and distinct offense against the ordinance.
Thus the plaintiff borough sought to bar the owners and developers of High Bar Island and Sunset Shoal Islands *350 from the only means of vehicular or pedestrian access to the islands mentioned.
L. 1894, c. 93 (R.S. 40:179-98 et seq.) authorizes a municipality located on or near the ocean to lay out and open along the beach or ocean front public parks or places of public resort and recreation. I understand it was under this statute that the plaintiff borough purported to act in creating "Bayview Park" above mentioned. However, while the deed from the Barnegat City Improvement Co. to the plaintiff borough (Exhibit D-6) conveyed to the borough a long strip of beach lands bordering the ocean front, as well as other lands bordering upon the bay, it is of interest to observe that the ordinance does not attempt to create or lay out a park on the beach lands bordering the ocean but only on the lands bordering the bay. I am of the opinion that the statute does not contain authority for the borough by ordinance to create a park comprising lands bordering the bay front only.
It is also worthy of note that the proofs showed that the bay-front lands between Bayview Avenue and the high water line of the bay are low, wet lands, covered with meadow grass, bushes, cattails, etc., and that the proofs in this case disclosed nothing done by the borough in actually establishing a usable park, but only the adoption of the ordinance in question.
And while the so-called park ordinance attempts to appropriate 40 feet of Bayview Avenue and all of 20th Street between Bayview Avenue and the high water mark of the bay to park purposes, and to prohibit vehicular traffic across park lands, the proofs revealed and I find as a fact that the borough never adopted an ordinance vacating public rights in either Bayview Avenue or 20th Street, as required by statute for the vacation of public rights in a public street (see R.S. 40:67-19 et seq., and R.S. 40:49-2, 6). I am of the opinion that a public street cannot be vacated except by the adoption of an ordinance as provided in the statute last cited, and that the adoption by the borough in December of 1955 of the *351 so-called park ordinance, which purported to include within the park area portions of Bayview Avenue and 20th Street, was ineffective to vacate the public rights in the two streets in question.
Accordingly, I find that the resolutions adopted by the board of chosen freeholders did not attempt to open a public street through or across park lands for the reason that 20th Street existed as a public street prior to the adoption of the park ordinance and has never been vacated.
FOURTH: That 20th Street was already devoted to public use and that there is no statutory or other authority for the board of chosen freeholders to acquire by condemnation, or otherwise than by consent of the borough, borough property already devoted to public use.
I am cognizant of the general rule which denies that exercise of the power of eminent domain where the proposed new use would destroy an existing public use or prevent a proposed public use, unless the authority to do so has been expressly given by the Legislature or must be necessarily implied, which rule has no application where the condemner is, in essence the sovereign, either federal or state. New Jersey Southern Railroad Co. v. Long Branch Commissioners, 39 N.J.L. 28 (Sup. Ct. 1876); State Highway Commissioner v. City of Elizabeth, 102 N.J. Eq. 221 (Ch. 1928); Newark v. N.J. Turnpike Authority, 7 N.J. 377 (1951); Weehawken v. Erie Railroad Co., 20 N.J. 572 (1956). That rule, in my opinion, has no application to the case at bar for two reasons, namely: (1) 20th Street from Central Avenue to the bay was an existing public street at the time the board of chosen freeholders adopted the resolution on May 2, 1956 (Exhibit P-2), and the taking over of this street by the county as a county road would not operate to destroy a prior or existing public use but would continue the same; and (2) the statute, R.S. 27:16-1 et seq., particularly sections 1 and 2 thereof, does contain express authority for the board of chosen freeholders to acquire and take over existing roads and highways located in municipalities within the county *352 by purchase, gift or condemnation. Certainly the language in section 2 of the statute cited, which authorizes the board of chosen freeholders to acquire "any public road, toll road, private road or byroad, or any portion thereof, or any real estate, or interest therein," refers not to existing county roads but to other public roads in the various municipalities within the county.
I am of the opinion that the Board of Chosen Freeholders of the County of Ocean possessed express statutory authority for the taking over of 20th Street in the Borough of Barnegat Light as a county road.
FIFTH: That the action of the board of chosen freeholders in adopting the resolutions (Exhibits P-1 and P-2) was arbitrary, capricious and unreasonable in that while the board purported to acquire and take over 20th Street and lands adjacent thereto as a county road for public use, in fact the board's action was for the benefit of private persons, namely, the owners of High Bar Island and Sunset Shoal Islands.
The burden of establishing the truth of this charge, of course rests upon the plaintiff borough which makes the assertion. There were no proofs in this case to support the charge that the board of chosen freeholders acted in an arbitrary, capricious or unreasonable manner, or that their actions were motivated by anything other than the public interest. This contention of the plaintiff borough falls for lack of proof to support it.
SIXTH: The borough points to the restriction in the deed of conveyance from Barnegat City Improvement Co. to the borough (Exhibit D-6), which operates to dedicate the lands lying between Bayview Avenue and the high water mark of the bay (as well as other lands) to park and beach purposes, and to the ordinance adopted by the borough in December 1955 establishing "Bayview Park." In this connection the borough contends that where lands are dedicated to park purposes, it is unlawful for the municipality, or for the county, to open a public highway through the park lands. The plaintiff cites Seward v. Orange, 59 N.J.L. *353 331 (Sup. Ct. 1896), as authority for that contention. In that case, there was an area approximately 1,000 feet in length and having an average width of about 150 feet known as "The Military Common." The area was improved by ornamental shrubbery and trees and was surrounded by unbroken curb and apparently was located in a high class residential area. The court struck down an ordinance of the City of Orange which contemplated an extension of Hickory Street through this common on the ground that such a street laid across so narrow a park would manifestly interfere with the enjoyment of it by the public. But the facts of the case at bar are entirely different than existed in the Seward case. Here we have bay-front lands extending for many blocks along the bay front in the Borough of Barnegat Light, dedicated to use as a park. There was credible testimony by the borough clerk that these park lands, particularly in the vicinity of 20th Street and Bayview Avenue and 20th Street and the bay front, were low and wet, were covered with bushes and cattails, and that one would need hip-boots to gain access to the bay front. I think it obvious that these low, wet lands along the bay front were of little or no use to the general public unless means were provided for access to the waters of the bay. It was under those circumstances that the plaintiff borough in 1946 obtained state aid and with public moneys extended 20th Street to the bay front, thus affording the public reasonable means of access to the bay. Certainly that act did not interfere with the enjoyment of these lands by the public, but on the contrary tended to make them accessible for public use and enjoyment. For that reason, I think the Seward case is no authority in the case at bar.
Furthermore, I am of the opinion that the acts of the plaintiff, borough, in having obtained state aid for the building of 20th Street to the bay and in having expended public moneys for that purpose, estopped the borough from contending in this suit that it is unlawful to build and open a public street through lands dedicated for use as a public park.
*354 I conclude that the Board of Chosen Freeholders of the County of Ocean had express statutory authority for taking over 20th Street in the Borough of Barnegat Light from Central Avenue northwestwardly to the bay; that the contentions raised by the plaintiff borough in this suit are insupportable in law or in fact; and that the complaint should be dismissed.
Judgment of dismissal will be entered against the plaintiff borough.