HAWTHORNE, Justice.
 

 This proceeding was instituted by the Department of' Highways
 
 [1]
 
 for the expro
 
 *685
 
 priation of a tract of land owned by the Ouachita Parish School Board, consisting of an entire square in the City of Monroe with buildings and improvements. The tract sought to be expropriated is being used by the school board in connection with a junior high school with 1200 pupils, and lies in the center of the school facility between the classroom building and the gymnasium. Plaintiff here is proceeding under the authority of Article 6, Section 19.1, of the Louisiana Constitution of 1921 as amended and Title 48 of the Revised Statutes of 1950, Sections 441-460.
 
 [2]
 

 On the filing of the petition an ex parte order of expropriation was signed by the district judge, and the plaintiff caused to be deposited in the registry of the Fourth Judicial District Court for the use and benefit of the defendant the sum of $171,-600.00 alleged to be just compensation for the property ordered expropriated.
 

 The defendant school board timely filed a peremptory exception of no right of action coupled with a motion to dismiss the proceedings and a motion for summary judgment vacating and annulling the order of expropriation. The exception and motions were overruled by the trial judge. After proper notice the defendant school board filed application for supervisory writs in the Court of Appeal, Second Circuit. Pursuant to this application the Court of Appeal in the exercise of its supervisory jurisdiction issued an alternative writ of mandamus directed to the trial judge to show cause why the judgment complained of should not be set aside, the school board’s exception and motions sustained, and the order of expropriation vacated and annulled. The Court of Appeal also stayed any further proceedings in the suit, and ordered that the record in the case be forthwith transmitted to that court.
 

 After the record was lodged in the Court of Appeal, that court, availing itself of the provisions of Section 25 of Article 7 of the Constitution, submitted to this court
 
 *687
 
 for instructions certain questions of law arising in this suit and transmitted the entire record to us, suggesting that we exercise the power vested by that provision of the Constitution and decide the whole matter in controversy. This we shall do.
 

 The Ouachita Parish School Board in support of its exception and motions contends first that under Article 19, Section 26, of the Louisiana Constitution of 1921, adopted November 6, 1956,
 
 [3]
 
 the defendant Ouachita Parish School Board is immune from suit or any other legal proceeding without the specific consent and authority of the Legislature.
 

 As far as parish school boards are concerned, this section of the Louisiana Constitution is no longer a bar to suit. This is because Article 3, Section 35, of the Louisiana Constitution, adopted November 8, 1960, empowers the Legislature to waive by special or general laws the immunity from suit and from liability of the state and of other public or governmental bodies, and on that same date the Legislature of this state passed Act 25 of the First Extraordinary Session of 1960, R.S. 17:51, which in Section 1 provides that parish school boards can sue and be sued, thus waiving their immunity from suit. The instant proceeding was filed by the Department of Highways on December 30, 1960. For a more detailed discussion of this point, see Terrebonne Parish School Board v. St. Mary Parish School Board and Texaco, Inc., 242 La. 667, 138 So.2d 104, handed down this same day, No. 45,797 on the docket of this court.
 

 The next question for determination is whether public property devoted to a public use (as here, to a school) and owned by a public corporation (as in this case, the Ouachita Parish School Board), itself vested with the power of expropriation,
 
 [4]
 
 
 *689
 
 is subject to expropriation by The Department of Highways, an agency of the state created by the Legislature by Act 4 of 1942, R.S. 48:11 et seq., which also possesses the power of expropriation.
 

 Expropriation, or eminent domain as it is called in the common law, is the power of the sovereign to take property for public use without the owner’s consent. Nichol’s Law of Eminent Domain, sec. 1.11, v. 1, p. 2 (3d ed. 1950). This power is inherent in all government, coming into being
 
 eo instante
 
 with the establishment of the government and continuing as long as the government endures, and does not require recognition by constitutional provision for its existence. Ibid., sec. 1.14, pp. 13-14. It is undisputed that the sovereign may delegate the power of expropriation or eminent domain to administrative officers or other agencies of the sovereign and to public and private corporations. Ibid., sec. 3.1, pp. 188-189; see R.S. 19:2.
 

 In determining whether property already devoted to a public use can be subjected to expropriation, the factor to be considered is the character of the condemnor. If the sovereign on its own behalf seeks to acquire such property by eminent domain, the fact that the land sought to be taken is public property generally is immaterial. Ibid., sec. 2.2, pp. 131-132; Jahr, Law of Eminent Domain, sec. 20, p. 37 (1953); Elberton Southern Ry. Co. v. State Highway Dept., 211 Ga. 838, 89 S.E.2d 645; see Township of Weehawken v. Erie Railroad Company, 20 N.J. 572, 120 A.2d 593. If, on the other hand, the sovereign has delegated the power of expropriation to one of its subdivisions or agencies, the rule is that the agency or department cannot expropriate property already devoted to a public use
 
 unless the Legislature has authorized it to acquire public property either expressly or by necessary implication.
 
 Nichols, op. cit. supra, sec. 2.2, p. 132; Jahr, op. cit. supra, sec. 20, p. 37; Railway Co. v. Vicksburg, S. & P. Railroad Co., 49 La. Ann. 29, 21 So. 144; Borough of Barnegat Light v. Board of Chosen Freeholders of Ocean County, 44 N.J.Super. 332, 130 A.2d 409; see Canzonetti v. City of New Britain, 147 Conn. 478, 162 A.2d 695.
 

 Counsel for the school board cites a number of cases for the proposition that an agency or department of the sovereign power cannot expropriate property already devoted to a public use and owned by some other department or agency of the state unless the Legislature has expressly delegated such power to the agency seeking to expropriate. Among these cases are Davis v. Nichols et al., School Directors, 39 Ill. App. 610; Village of Ridgewood v. Borough of Glen Rock, 15 N.J.Misc. 65, 188 A. 698; City of Edwardsville v. Madison County, 251 Ill. 265, 96 N.E. 238, 37 L.R.A.,N.S., 101; Canzonetti v. City of New Britain, 147 Conn. 478, 162 A.2d 695. Counsel quotes
 
 *691
 
 from Village of Ridgewood v. Borough of Glen Rock, supra [15 N.J.Misc. 65, 188 A. 699], thus:
 

 “The lands are also devoted to a public use, and lands so devoted we think additionally are not subject to condemnation under general powers to that end, but must be specifically by the Legislature itself made subject to such proceedings. Lands so held are usually possessed by the corporations, municipal or private, having also general power of condemnation. To subject such lands to taking by one corporation from another under the general powers of condemnation would be to open the door to recriminatory condemnation litigation without end inasmuch as, if under such authority the first taking would be justified, its retaking would be equally within the power of the adverse party. * * * Property once devoted to a public use cannot be diverted therefrom without express authority of the Legislature.”
 

 Under the general rule given above, the Department of Highways in the instant case cannot expropriate the property of the school board unless the Legislature of this state, either expressly or by necessary implication, has authorized it to acquire public property.
 

 The petition filed by the highway department discloses that it desires to construct in the Parish of Ouachita certain projects, one of which is designated State Project No. 451-06-07, Federal Aid Project No. 1-20-3(12)115; that this project is a part of the state highway system as well as a part of the national system of interstate and defense highways; that this project will be “a
 
 controlled-access facility,
 
 and no' person has any right of access to, from or across such facility to or from abutting lands except at the designated points át which access is permitted upon the terms and conditions specified from time to time and upon the service, frontage or access roads provided” (italics ours) ; that there is included within the right of way for this project the property of the Ouachita Parish School Board which the department seeks to expropriate. Moreover, the resolution of the Board of Highways attached to the department’s petition specifically states that the project above designated provides for the construction of what is called a controlled-access facility, and the ex parte order of expropriation signed by the trial judge clearly shows that the property being expropriated is acquired for a controlled-access facility.
 

 In Title 48 of the Louisiana Revised Statutes of 1950, Chapter I styled “State Department Of Highways”, Part XIV designated “Control Of Access”, Section 301 provides that the highway authorities of the state may establish, maintain, and provide controlled-access facilities for public use, etc. Section 303 reads in part:
 

 “For the purposes of this Part, the highway authorities may acquire private or
 
 *693
 
 public property and property rights for controlled-access facilities and service roads, including rights of access, air, view, and light, by donation, purchase, exchange, lease, or expropriation in the same manner as they are now or hereafter may be authorized by law to acquire property or property rights in connection with highways and streets within their respective jurisdictions. They may acquire any use of the property or the full ownership of it. * * * ”
 

 Thus the Legislature has expressly given the highway department authority to expropriate public property for the purpose for which it here seeks to expropriate the school board’s property. Whether the department has been given authority, either expressly or by necessary implication, to expropriate public property for other purposes need not be decided in this suit.
 

 After the certification by the Court of Appeal to this court of the questions of law here at issue, the Ouachita Parish School Board applied for and was granted a writ of prohibition by the Court of Appeal dated November 22, 1961, prohibiting the Department of Highways of the State of Louisiana, its agents and employees, contractors, and all other parties from entering upon the property involved in this litigation or engaging in any construction work or any physical activity in connection therewith of any kind on the property. The Department of Highways has filed in this court a motion to annul and set aside this writ of prohibition, and for the reasons assigned in this opinion it is ordered that the writ of prohibition be annulled, avoided, recalled, set aside, and declared of no effect.
 

 For the reasons assigned the judgment of the district court overruling the exception of no right of action, the motion to dismiss the proceedings, and the motion for summary judgment vacating and annulling the order of expropriation is affirmed, and the case is remanded to the district court for further proceedings.
 

 HAMITER, J., concurs in the result.
 

 [1]
 

 . Plaintiff’s petition here recites that it is “The petition of the State of Louisiana, Tlirougb the Department of nighways, created and organized under the laws of
 
 *685
 
 the State of Louisiana, with its domicile in tlie City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana * * This is evidently because of the provision in R.S. 48:218 that for expropriation of private property ithe proceedings shall be brought in the name of the state.
 

 [2]
 

 . Article 6, Section 19.1, of the 1921 Constitution as amended reads: “The Legislature shall have authority to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein provided that provision be made for deposit before such taking with a court officer for the amount of appraisals of the property so taken and damages to which the owner thereof may be entitled, if any, which appraisals may be made in such manner as may be provided by law either before or after institution of suit, and need not be by judicially appointed appraisers.” In R.S. 48:441-460 it is provided that in any suit for the expropriation of property the Department of Highways may acquire the property before judgment in the manner prescribed in these sections.
 

 [3]
 

 . Article 19, Section 26, reads in part:
 

 “The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana:
 

 Sf! ‡ ‡
 

 “(7) The parish school boards of each of the parishes of the State of Louisiana.
 

 “The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed iu the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.
 

 “This Section shall be self-operative and shall supersede any other portion of this Constitution or any statutes or regulations in conflict therewith.”
 

 [4]
 

 . See R.S. 19:2(1).