CRAIN, Judge.
This suit involves a claim by Philip R. Farnsworth and Company, Inc., hereafter referred to as Farnsworth, against the Louisiana State Department of Highways, hereafter referred to as department, for damages resulting from a breach of contract. The Louisiana Department of Highways filed a third party demand against the Ouachita Parish School Board claiming that the school board is liable to it for any damages it may have to pay the construction company.
Farnsworth originally filed several claims against the Louisiana State Department of Highways for damages occurring *502 from work stoppages and delays allegedly caused by the department at several different site locations. All but one of the claims involved in the suit has been settled and the dispute which is before us now is centered around the construction of an elevated fork of the interstate highway system in Ouachita Parish. The trial court held that Farnsworth is entitled to judgment against the Louisiana State Department of Highways in the amount of $6,742.27. The amount of the damages was stipulated in the event the court found liability. The trial court further denied the defendant’s third party demand against the Ouachita Parish school board. From this decision the Louisiana State Department of Highways has appealed.
The facts can be summarized as follows: On December 30, 1960, appellant filed expropriation proceedings against the Ouach-ita Parish school board expropriating property being used as a junior high school with 1200 students. The school board immediately filed a preemptory exception of no right of action coupled with a motion to dismiss the proceedings and a motion for summary judgment vacating and annulling the order of expropriation.
In May of 1961, Farnsworth entered into a contract with the department of highways for the construction of an elevated fork of the interstate highway over the expropriated property. The contract itself stated that time was of the essence and ap-pellee was to complete the project within 350 days of the commencement of work. Also contained in the contract was a provision for appellant to provide the necessary right-of-ways for the proper completion of the work. At the time the contract was entered into the above described legal proceedings were still pending. Eventually the trial court ruled in favor of the department and the school board applied to the Court of Appeal, Second Circuit for supervisory writs. The writs were issued along with a stay order. After the record was lodged, the Court of Appeal certified questions of law to the Louisiana Supreme Court under Article 7, Section 25 of the Louisiana Constitution. They then issued a writ of prohibition to the department prohibiting further construction pending the final determination of the legal proceedings. The department then ordered Farnsworth to cease construction. Subsequently, the Louisiana Supreme Court ruled in favor of the department of highways and vacated and annulled the writ of prohibition previously issued by the Second Circuit Court of Appeal. See State v. Ouachita Parish School Board, 242 La. 682, 138 So.2d 109 (1961).
Because of the work stoppage, the plaintiff-appellee was forced to re-schedule its work, remove certain forms which had been ready for the pouring of concrete, and shut down and cease to operate certain large and expensive pieces of machinery which it was leasing.
The trial court found that the department of highways was liable for the stipulated damages to Farnsworth finding there was a breach of contract in the department of highways’ failure to provide the necessary right-of-ways which it had agreed to provide under the contract. Appellant takes the position that it cannot be held responsible for the delay caused by the issuance of the writ of prohibition by the Court of Appeal.
With reference to the issue of the department’s liability to Farnsworth for breach of contract, the trial court found as follows:
“It is clear that the defendant contracted to furnish all necessary right-of-way and that it did not in fact timely furnish all necessary right-of-way. The contract was written when the defendant knew or should have known that the ownership of that portion of the right-of-way expropriated from the Ouachita Parish School Board had not yet been definitively resolved. While it is true that the defendant’s work-stoppage order was the result of the action by the School Board in obtaining a writ of prohibition, it is also true that such a writ *503 would not have been sought had defendant, prior to entering into a contract with plaintiff, resolved the ownership question with regard to the land claimed by the School Board. The defendant was in a position to know whether it could actually furnish to plaintiff all necessary right-of-way as it contracted to do. Notwithstanding actual or constructive knowledge or possible impediments to the granting of the right-of-way, the defendant pledged itself to furnish the plaintiff with the needed right-of-way and the plaintiff relied to its detriment upon this contractual pledge. When defendant failed to deliver the right-of-way, it breached its contract with plaintiff . . .”.
The issues relative to the department’s right to expropriate the school board property were timely raised by the school board in the expropriation proceeding filed on December 30, 1960. Thus, when the department entered into the construction contract with Farnsworth in May of 1961, it knew that its right to take the school property was still at issue. It must also have known that the contract raised serious legal questions since the Second Circuit Court of Appeal felt it necessary to certify these questions to the Supreme Court. Accordingly, in proceeding to guarantee right-of-way under these circumstances, and subsequently being unable to deliver, we agree with the trial court that the department breached its contract with Farnsworth.
We turn now to appellant’s third party demand against the Ouachita Parish School Board. The school board has filed an exception of prescription contending that the damages occurred in November and December of 1961, and that Louisiana Civil Code articles 3536 and 3537 provide a prescriptive period of one year which must be applied in this case. It further contends that more than one year elapsed after the alleged wrongful act before the third party demand was filed a recoup damages assessed to the department and thus the third party demand should be dismissed. We disagree. The third party demand filed by the State Department of Highways is in the nature of a claim for indemnity against the school board for any damages sustained upon its being held liable for the breach of contract claimed by Farnsworth. Thus, the right of the department of highways to indemnity accrues only when it is cast in judgment to Farnsworth. See, Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, 243 La. 860, 148 So. 2d 580. Since the third party demand was filed before the department was cast in judgment, the prescriptive period has not run.
We must now consider the merits of the department’s third party demand. In essence, appellants contend that the school board’s procuring the issuance of the writ of prohibition directing the appellant to cease work on the disputed parcel of land caused it to order the work stoppage which resulted in the damage sustained by Farns-worth. To support their claim for damages, the appellant has cited several cases relative to statutory provisions regarding the right to obtain damages for the wrongful issuance of an injunction. We question the applicability of these articles to the third party demand filed herein against the school board for obtaining a writ of prohibition, which was subsequently dissolved. Allowance of damages for the dissolution of wrongfully issued injunctions is statutory and limited to dissolving temporary restraining orders and preliminary injunctions. We find no statutory authority for damages for the ultimate dissolution of a writ issued by an appellate court in order to aid its jurisdiction.
 What is actually involved here is an action of indemnity. This action is applicable where the damages suffered are the actual fault of one party while the other party is only technically or constructively at fault. Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, supra; Marquette Casualty Co. v. Brown, 235 La. 245, 103 So.2d 269 (1958); Appalachian *504 Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922). The department is claiming to be only technically or constructively at fault in the breach of contract involved between it and Farns-worth, claiming that the primary liability rests upon the school board for obtaining the writ of prohibition which was subsequently dissolved. The facts do not support this contention. When the writ was obtained, the question of ownership of the property was very much in dispute and because of the department of highways decision to begin construction, the school board had no choice but to obtain the order to prevent irreparable damage. The school board is a public body with responsibilities to the people it represents. The department had proceeded to demolish a school that 1200 students were attending when there was serious question as to its legal right to do so. Under these circumstances we cannot assess fault on the part of the school board for obtaining the writ even though it was subsequently dissolved.
Accordingly we affirm the decision of the trial court in all respects. All costs of this appeal to be paid by appellant.
Affirmed.