STATE EX REL. HERMAN H. WISE ET AL. *v.* SAMUEL J. TURKINGTON, TOWN CLERK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 5—decided December 22, 1948

*Benjamin A. Markman,* with whom was *John W. Joy,* for the appellants (plaintiffs).

*Charles S. House,* town counsel, for the appellee (defendant).

ELLS, J.   The defendant is town clerk of the town of Manchester.   The liquor control commission, before issuing a permit for the sale of alcoholic liquors, requires that the town clerk shall certify on the application that the zoning ordinances or by-laws of the town do not prohibit the sale of such liquors at the proposed place of business.   The plaintiffs presented to the defendant for certification an application for a druggist permit for the sale of liquor at their drug store, located at 664 Center Street, Manchester, which is in a business zone.   The defendant refused to certify the application, the plaintiffs applied to the Court of Common Pleas for a writ of mandamus to compel such certification, judgment was entered for the defendant and the plaintiffs have appealed.

Article 4, § 7, of the zoning ordinances of Manchester provides as follows: "No building or premises shall be used . . . for the sale or exchange of . . . alcoholic liquors either at wholesale or retail, or whether for consumption on the premises or otherwise . . . if any part of such building or premises is situated: (a) Within 1,000 feet in a direct line from any other building or premises in which . . . alcoholic liquors are sold. . . . Stores chiefly engaged in the sale of groceries which sell beer only under a package store permit shall not be regarded as package stores or as selling alcoholic liquor for the purpose of this section."   There is already an outlet for the sale of liquor within 1000 feet of the plaintiffs' premises.   The defendant's refusal to certify the application was based on the foregoing facts.

Article 1, § 1, of the zoning regulations provides that "No building or land shall be used . . . except in conformity with the regulations herein prescribed for the zone in which such land or building is located."   Arti-

cle 1, § 3, divides the town into seven types of zones. Article 2 is headed "Use Regulations," and its several sections relate successively to the seven zones. Section 6 thereof provides, among other things, that "In a business zone, no building or land shall be used . . . except for the following uses: . . . 2. Retail shop and personal service establishment . . . 3. Restaurant, tavern, grill and package store as limited in" article 4, § 7. The applicable portions of the latter article and section have already been stated.

The plaintiffs contend that drug stores are not subject to the 1000-foot limitation. It is true that the ordinance does not mention drug stores. The only provision which includes them by general language is contained in article 2, § 6, which, as already stated, permits the use of premises for retail shops. Drug stores were not intended to be excluded from the entire town; the logical place for them is in a business zone, and it must have been intended to include them as retail shops. It follows that drug stores are permitted in a business zone. Restaurants, taverns, grills and package stores are permitted subject to the express limitation of article 4, § 7, but with the qualification that grocery stores selling beer only under a package store permit shall not be regarded as package stores or as selling alcoholic liquor for the purpose of the section.

We come now to the sweeping provisions of article 4, § 7. All premises selling alcoholic liquors must be at least 1000 feet apart, with the single exception of grocery stores selling beer only under a package store permit. The present application is concededly for a permit which will allow the sale of alcoholic liquors on the permit premises. There is but one exception to the 1000-foot limitation and that does not include drug stores. Had the framers and adopters of the ordinance

meant to include them within the exception, presumably they would have said so. There is no valid process of reasoning by which we may now include them. In short, the language of article 4, § 7, is plain and the meaning is clear; this drug store proposes to sell alcoholic liquor and therefore comes directly within the limitation; it does not come within the exception. Furthermore, the adopters could reasonably distinguish between a grocery store which sells beer only and a drug store which sells all kinds of liquor. We conclude that the comprehensive language of article 2, § 6, prohibits the sale of alcoholic liquors at the place in question.

The plaintiffs claim that the 1000-foot limitation provided for in article 4, § 7, of the zoning regulation is not a zoning regulation and is invalid as an invasion of the powers of the liquor control commission. The question before us in *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 41 A. 2d 908, was whether a similar ordinance constituted a zoning regulation, and we held that it did and that it was properly a zoning ordinance and a part of the general plan of zoning in the city. The plaintiffs rely on *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 57 A. 2d 259. The regulation before us in that case limited the number of liquor outlets in the town to one for each 1500 persons resident in the town. We held that, while the legislature recognizes authority in the town to restrict the use of buildings for the sale of alcoholic liquor to certain zones, it has not delegated to municipalities authority to limit, in the guise of a zoning ordinance, the number of liquor outlets in the town as a whole. The decision only goes so far as to decide that the limitation upon the number of permits in West Hartford is exclusively the function of the liquor control commission. It does not change or infringe upon the ruling in the *Spiros* case.

Ordinances similar to the one involved in the present case have been before us in numerous cases. In the *Spiros* decision we said (p. 652), "Their provisions are such as are usually found in zoning regulations"; and we cited several cases. To that list we may now add the following recent ones: *Keating* v. *Patterson,* 132 Conn. 210, 43 A. 2d 659; *Kamerman* v. *LeRoy,* 133 Conn. 232, 50 A. 2d 175; *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 244, 56 A. 2d 647. Later cases wherein a proposed variance of spacing restrictions are involved are: *Stavola* v. *Bulkeley,* 134 Conn. 186, 56 A. 2d 645; *Delaney* v. *Zoning Board of Appeals,* supra; *Celentano* v. *Zoning Board of Appeals,* 135 Conn. 16, 60 A. 2d 510; *Rafala* v. *Zoning Board of Appeals,* 135 Conn. 142, 62 A. 2d 337.

The limitation now under consideration is not a usurpation of the power granted to the liquor control commission. The plaintiffs claim that the commission has sole jurisdiction of the number of liquor outlets within a district zoned for liquor. "This is sufficiently answered by reference to General Statutes, Sup. 1945, § 633h (2), which provides that permits shall be refused 'where prohibited by the zoning ordinance of any city or town.'" *Kamerman* v. *LeRoy,* supra, 236.

There is no error.

In this opinion the other judges concurred.