CLIFFORD N. HUTCHISON *v.* THE BOARD OF ZONING APPEALS OF THE TOWN OF STRATFORD ET AL.

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 7—decided November 3, 1953

*Albert L. Coles,* with whom, on the brief, was *James J. O'Connell,* for the appellant (defendant) Ahern).

*Hugh A. Hoyt* appeared for the appellant (defendant board).

*Robert E. Trevethan,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff appears in this litigation in his individual capacity and as the authorized representative of numerous other property owners of the town of Stratford. The defendants are the local board of zoning appeals and Cornelius Ahern.

Ahern is the owner of premises in Stratford. A

restaurant is conducted in a building located on the property. Prior to 1946, this realty was zoned as residence A and B. Upon a previous appeal to this court, the action of the planning board of the town in changing the zonal classification was declared invalid. *Hutchison* v. *Board of Zoning Appeals*, 138 Conn. 247, 83 A.2d 201. We therein limited ourselves to the declaration that the invalidity stemmed from a failure of the board to comply with legal requirements as to notice of the public hearing at which the classification was made. Subsequent to that decision, Ahern filed a new petition requesting the planning board to place a portion of his property in business zone No. 1. The petition was granted and the plaintiff appealed to the board of zoning appeals. The latter affirmed the action of the planning board, and from that affirmance the plaintiff appealed to the Court of Common Pleas. The court sustained the appeal, and from the judgment rendered thereon the defendants have appealed to this court.

The issue submitted to us is narrow. The plaintiff has persistently maintained that Ahern's purpose in filing his petition was to obtain a change in zonal classification in order that he might make his premises available for the sale of alcoholic liquors, a use which was legally impossible as long as the classification remained residential. On the basis of this assumption, the plaintiff claims that the planning board was empowered to change the premises from a residential to a business zone only after finding, as a condition precedent, that the premises were not to be so used. Whether this claim is sound is the question decisive of the appeal to this court.

Zoning in Stratford had its origin in an ordinance enacted by the council, the legislative body of the town, under the authority of 19 Special Laws 628.

Section 1 creates nine classes of zones.[1] The layout of these classes throughout the township was delineated on a map declared to be a part of the ordinance. Section 7, the pertinent parts of which are incorporated in a footnote,[2] deals in a special manner with zoning as it affects the sale of ale, beer, wine and liquor. Section 20 sets forth the powers and duties of an agency called the planning board. Under subsection 20(A), the council delegated to that board authority to establish new zone boundaries and to amend, change or abandon existing ones.

Some sections of the ordinance are artlessly drafted. That criticism may properly be directed at § 7(G), the subsection which the parties agree controls the disposition of the question before us. It becomes necessary, then, to determine the intention of the council in enacting this subsection since, as with statutes, the primary rule for interpreting and construing enactments is that the expressed intention of the legislative body is to be ascertained and given effect. See *Grace Hospital Society* v. *New Haven,*

---

[1] "1. 'AA' Residence Zone.
2. 'A' Residence Zone.
3. 'B' Residence Zone.
4. 'C' Residence Zone.
5. Summer Camp Zone.
6. Business Zone No. 1.
7. Business Zone No. 2.
8. Light Industrial Zone.
9. Heavy Industrial Zone."

[2] "SECTION 7—REGULATIONS RELATING TO THE LOCATION OF PLACES FOR THE SALE OF ALE, BEER, WINE AND LIQUOR.

"A. No building or premises shall hereafter be used in any zone except a business zone for the sale, as package merchandise, for consumption on the premises or otherwise, of alcoholic liquors, beer, ale or wine.

"B. No building or premises or any portion thereof shall be used hereafter for the sale, as package merchandise, for consumption on the premises or otherwise, of alcoholic liquors, beer, ale or wine which

119 Conn. 146, 154, 174 A. 411. In ascertaining that intention, we must consider the ordinance in the light of its language and, among other things, of the purpose it was designed to serve. *Glanz* v. *Board of Zoning Appeals,* 123 Conn. 311, 315, 195 A. 186. Every ordinance must receive a reasonable construction. *Whitlock* v. *West,* 26 Conn. 406, 414. It is to be construed as a whole and in such a manner as to reconcile all of its provisions so far as possible. *State ex rel. Chatlos* v. *Rowland,* 131 Conn. 261, 265, 38 A.2d 785.

In the light of these principles, the intention of the council, as expressed by the language used, is readily discernible. One matter which commanded the attention of the council was the sale of alcoholic liquor. The importance, in the mind of the legislative body, of this phase of zoning is indicated by the fact that an entire section, consisting of eleven subsections and covering four pages of the printed ordinance, is devoted to it. The sale of such liquor may be had only in a business zone, and even there outlets are subjected to the so-called 1000-foot requirement. These and other restrictive provisions

---

building or premises or any portion thereof is located within 1,000 feet measured along the public highway on either side thereof from any other building or premises or any part thereof, where alcoholic liquors, beer, ale or wine are sold or the licensed sale thereof is permitted, or where the location has been approved by the Planning Board or Board of Zoning Appeals for such sale, as package merchandise, for consumption on the premises or otherwise.

.    .    .    .    .

"G. The Planning Board and Board of Zoning Appeals shall not grant any waiver, alter any requirement or regulation, change any zone boundary or adopt any new regulation which will permit the manufacture, sale or dispensing of alcoholic liquors, beer, ale or wine in any residence zone. . . .

.    .    .    .    .

"K. Before any building or premises shall hereafter be used for

which might be mentioned demonstrate a desire on the part of the council to segregate liquor outlets into one zone and to place such limitations upon their number as the law permits. See *State ex rel. Wise* v. *Turkington,* 135 Conn. 276, 280, 63 A.2d 596. To prevent circumvention of this plan through the use of the unique power bestowed upon the planning board to change zonal boundaries, the council enacted § 7(G). The effect of this subsection is not to interfere with the right of the board to alter the zonal classification of any property lying within any area classified as residential in the original ordinance but merely to make that property, after reclassification, unavailable as the location of a liquor outlet, even though it has been placed in a business zone.

It follows that the planning board was justified in placing Ahern's property in a business zone. Since that was the extent of its action, the board acted within the power delegated to it under § 20(A). Nor was it necessary, as a condition precedent, for the board to find that the premises were not to be used for the sale of alcoholic liquor. To require such a finding would be not only impractical but also unnecessary. As long as § 7(G) remains in the ordi-

the sale as packaged merchandise, for consumption on the premises or otherwise, of alcoholic liquors, beer, ale or wine, the owner or lessee of such premises shall present a petition to the Planning Board for approval of the premises which shall be accompanied by a Petition signed by owners of property in accordance with Sub-Section J of Section 20 and which petition shall be given a public hearing by the Planning Board duly advertised in accordance with Sub-Section F of Section 20. Any such petition shall be granted when two-thirds of the members of the Planning Board present at the meeting when action is taken thereon shall vote in favor thereof. The Planning Board in determining whether the premises shall be approved or disapproved for such sale shall take into consideration the character of the immediate neighborhood and the proximity of the premises to schools, churches, libraries, theatres and other places of public gathering."

nance, all property within a residence zone retains immunity from conversion to a liquor outlet by the process of changing from residence to business the zone wherein it is located.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.