ANDREW J. CANZONETTI ET AL. *v.* CITY OF NEW BRITAIN ET AL.

BALDWIN, C. J., KING, MELLITZ, SHEA and ALCORN, Js.

Argued May 4—decided June 28, 1960

*Harold J. Eisenberg,* for the plaintiffs.

*George J. Coyle,* corporation counsel, for the defendants.

*Robert Satter,* with whom was *Cornelius E. Clark, Jr.,* as amicus curiae.

BALDWIN, C. J. This case has been reserved by the Superior Court for our advice on the question whether the defendant city of New Britain, its common council and its board of public works may, without the consent of the school committee, extend a public highway across land acquired, and presently used, for public school purposes. The plaintiffs comprise the school committee of the city.

In 1924, the school committee acquired approximately five acres of land on the north side of Steele Street in New Britain for the purpose of erecting an elementary school. Lincoln School was subsequently built on the site. The land adjacent to, and lying east of, the school building has been used as a school playground and outdoor area for instruction in physical education. In 1950, the school committee acquired an adjoining parcel on the west.

In 1956, it secured 18.25 acres to the north and west for the purpose of constructing a new junior high school. Title to all of this land was taken in the name of the city and paid for from funds in the new school building account of the school committee. These funds came from the sale of bonds issued by the city for school purposes.

The city has a traffic problem in the area of the Lincoln School property. One possible solution would be to extend Wightman Road, which intersects Steele Street from the south but does not cross it, across Steele Street and through the land now included in the school property and lying east of the Lincoln School building. The common council, after a study of the traffic problem involved, has voted, upon the recommendation of the board of public works made after a public hearing, to extend Wightman Road in this manner. The council has also appropriated funds for the purpose. If the extension of Wightman Road is made, the extended public highway will take a substantial part of the land east of the Lincoln School building and will separate from that building another substantial portion of school land, all of which is now actually used by the school for a playground and for instruction in physical education. The school committee has opposed the extension of Wightman Road and has refused to consent to the action which the council and the board propose to take. Efforts to compose the difference have been futile.

The charter of the city gives to the school committee "all the rights, duties or powers concerning schools and educational matters now or hereafter vested in committees of consolidated school districts and selectmen of towns by the laws of this state." New Britain Charter, c. 12, § 2 (1952); 14 Spec.

Laws 932, § 37. These powers include "the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes." General Statutes § 10-220. The properties here concerned were committed to school use and are under the control of the school committee. The committee is an agency of the state and has complete charge of public education within the city. The law has conferred upon it broad powers except for specific limitations not involved here. The action of the committee, if within those powers, is not subject to control by the common council or officers of the city. *Fowler* v. *Enfield,* 138 Conn. 521, 530, 86 A.2d 662, and cases cited. While the common council has the power to lay out and alter streets in the city; New Britain Charter, c. 13, § 2 (1952); 14 Spec. Laws 935, § 46; 19 id. 1064, § 6; 21 id. 186, No. 235, § 1; this power does not permit it to take, for street purposes, property actually devoted to school purposes, unless the school committee has approved. Otherwise, the function and responsibility of the school committee as conferred by statute could, on occasion, be rendered uncertain and ineffective. *State ex rel. Roelvink* v. *Zeidler,* 268 Wis. 34, 38, 66 N.W.2d 652. While the charter of the city grants it, in general terms, the power to take any land necessary to the layout of highways; 19 Spec. Laws 1064, § 6; it is to be presumed, in the absence of express words or necessary implication to the contrary, that it was not intended that land already appropriated to one public use should be taken for another. *East Hartford Fire District* v. *Glastonbury Power Co.,* 92 Conn. 217, 223, 102 A. 592; *Water Commissioners* v. *Johnson,* 86 Conn. 151, 163, 84 A. 727; *Starr Burying Ground Assn.* v. *North Lane Cemetery Assn.,* 77 Conn. 83, 88, 58 A. 467; 1 Nichols, Eminent Domain

(3d Ed.) § 2.2. The language of the charter does not expressly confer the power to take land devoted to school purposes, nor can that power be implied under the circumstances of this case.

Ordinarily, collisions of this nature between two governmental agencies are settled by compromise. When efforts at compromise fail and one agency cannot compel by law the action it desires from the other, a political, rather than a legal, issue is presented. The school committee and the common council are chosen by the electors. New Britain Charter, c. 5, § 1; 23 Spec. Laws 3 § 2, 989 § 2. If either the school committee or the common council has not exercised its judgment fairly, intelligently and in the best interest of the city, the remedy is one, inherent in representative government, to be determined by the electors. *Board of Education* v. *Board of Finance,* 127 Conn. 345, 353, 16 A.2d 601.

We answer the question propounded "No."

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.