RAYMOND VECE, SR., ET AL. *v.* ZONING AND PLANNING COMMISSION OF THE TOWN OF WEST HAVEN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 6—decided June 27, 1961

*Richard Belford,* with whom, on the brief, was *Jacob Belford,* for the appellant (defendant Mauro).

*David M. Reilly, Jr.,* for the appellees (plaintiffs).

SHEA, J.  The zoning and planning commission of West Haven changed the zone of property of the defendant Nicholas Mauro, hereinafter called the defendant, from B residence to business.  The plaintiffs, owners of property in close proximity to the defendant's land, appealed to the Court of Common Pleas, which reversed the decision of the commission.  The defendant has appealed.

Platt Avenue in West Haven runs generally in a northerly and southerly direction.  The property covered by the change of zone is bounded on the west by Platt Avenue for approximately 780 feet.  On the east, it is bounded by Island Creek, which runs in an irregular line, for 770 feet more or less.  The depth of the property varies from 180 feet to approximately 260 feet.  About 80 feet of the frontage at the north end of the property is in a business zone.  A small parcel of land north of and adjacent to the defendant's land is also zoned for business.  On the west side of Platt Avenue, opposite the north portion of the land involved in this controversy, the defendant owns another small piece of land which, together with a small parcel to the north, at the intersection of Jones Hill Road, is in a business zone.  The business zone for these small parcels in each instance extends from the street line to the rear for only a short distance. The parcels were being used for business when the comprehensive plan of zoning was adopted in 1931 and were zoned accordingly.  Aside from these limited areas, all the property surrounding the defendant's land and extending for a substantial distance in all directions from it is zoned for residential use. Plans have been made to erect a new high school on property southeast of the defendant's land.  Access to the high school property will be from Platt Avenue

a short distance south of the defendant's southerly boundary.

On October 22, 1959, the defendant applied to the commission for a change of zone to enable him to construct a building in which he planned to install bowling alleys. A similar petition for the same property had been denied by the commission in May, 1958. No changes had occurred between the denial of the first application and the filing of the second. Platt Avenue curves rather sharply in front of the defendant's property. The plaintiffs, nearby property owners, appeared at the public hearing and opposed the defendant's application. The problems of traffic congestion and off-street parking were, among others, emphasized, particularly because of the proximity of the defendant's property to the proposed new high school. The defendant stated that provision would be made for off-street parking to accommodate 350 to 400 cars. He also offered to deed to the town the land necessary to straighten out the curve in the street in front of his property. After the public hearing, the commission, in executive session, decided to require the defendant, among other things, to enter into an agreement with the town to deed to it land for the purpose of straightening and improving Platt Avenue and to submit a satisfactory traffic flow and circulation plan to the police department. The school board was also to be contacted to ascertain its plans for this area of the town. By unanimous vote, the commission tabled the defendant's application pending action on these matters. Although nothing was done about fulfilling any of the requirements, the commission, on December 14, 1959, at a regular meeting, unanimously approved the defendant's application on the premise that the change was "representative

of the most logical, highest and best use of the land."

All this strongly indicates that the commission was motivated by the individual welfare of the defendant rather than by the considerations properly governing its determination to make a change of zone. In making the change, the commission could be moved only by considerations of public welfare, appropriate use of the land, and conformance to an established comprehensive plan for the town. Otherwise, the action of the commission would be arbitrary and unreasonable. *Ball* v. *Town Plan & Zoning Commission,* 146 Conn. 397, 400, 151 A.2d 327; *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 594, 145 A.2d 597. Ordinarily, a change in zone should not be made unless some new condition has arisen which substantially alters the character of the area. *Zoning Commission* v. *New Canaan Building Co.,* 146 Conn. 170, 175, 148 A.2d 330; *Parsons* v. *Wethersfield,* 135 Conn. 24, 30, 60 A.2d 771. In making a change in zone, the commission must follow the mandates of § 8-2 of the General Statutes. *Pecora* v. *Zoning Commission,* 145 Conn. 435, 440, 144 A.2d 48. Zones must be established in accordance with a comprehensive plan. *Woodford* v. *Zoning Commission,* 147 Conn. 30, 32, 156 A.2d 470. The new use of the property must do more than meet the wishes of the owner in carrying out his plans; it must serve the public interest in the zoning development of the community. *Kimball* v. *Court of Common Council,* 148 Conn. 97, 102, 167 A.2d 706. Another important purpose of zoning is to lessen congestion in the streets. § 8-2; *Whalen* v. *Town Plan & Zoning Commission,* 146 Conn. 321, 327, 150 A.2d 312.

In this case, the change of zone was made in an

area surrounded almost entirely by residential zones. A so-called "traffic study map" which was before the commission when it acted shows the site of the defendant's proposed building and the parking area around it. Although the defendant stated that his plans made provision for the off-street parking of 350 to 400 cars, the map discloses accommodations for no more than 214 cars. The result could be additional street parking in an area where there is an existing traffic hazard. The commission was under a duty to consider the effect of the establishment which was proposed for the new zone on the problem of traffic congestion. *Gordon* v. *Zoning Board,* 145 Conn. 597, 604, 145 A.2d 746. Moreover, no changes have occurred in the area since the commission denied the defendant's former application for a similar change in zone. The action of the commission appears to be an attempt to accommodate an individual property owner. *Wade* v. *Town Plan & Zoning Commission,* supra, 596. There was nothing to show that the community as a whole or the purposes of the comprehensive plan were advanced by the action of the commission. The court did not err in holding that the action of the commission was unreasonable, illegal and arbitrary.

There is no error.

In this opinion the other judges concurred.