JAMES F. STAPLETON ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 7—decided July 27, 1962

*Richard I. Steiber,* for the appellants (plaintiffs).

*Alfred R. Belinkie,* with whom, on the brief, was *Paul L. Blawie,* for the appellees (defendants Lombardo); with him also were *John J. McGuinness* and, on the brief, *Hugh C. Curran,* for the appellee (named defendant).

BALDWIN, C. J. The hearing before the zoning board of appeals showed the following: For twenty-six years, the defendants Lombardo have operated a restaurant with a full liquor restaurant permit at 295-297 Wood Avenue, Bridgeport. Their lease expired. Their landlord was willing to renew the lease, excluding a garage and a yard, but only for a three-year term at an increased rental and an estimated expense of $500 for certain alterations. The Lombardos felt that they could not accept the proposed lease and operate their business so as to make a decent living. They considered the term too short and the rental too high. Seeking a way out of their problem, they entered into a contract to purchase premises at 253-259 Wood Avenue and intend to move their business there. These premises are on the same side of Wood Avenue as the Lombardos' present location and about 200 to 250 feet from it. Both locations are in a business zone where a restaurant with a full liquor permit is a permissible use under the Bridgeport zoning regulations.

These regulations provide, however, that no premises shall be used for the sale of alcoholic liquor under any tavern, restaurant, druggist or all-alcoholic liquor package store permit if the entrance to them is within 1500 feet in any direction from the entrance to any other premises used for the sale of alcoholic liquor under any such permit. Bridgeport Zoning Regs., c. 14, § 2 (Feb. 10, 1958). Both locations on Wood Avenue are within 1500 feet of other liquor outlets of the kind specified in the 1500-foot regulation. On April 25, 1960, the Lombardos applied to the zoning board of appeals for a variance of the regulation to permit the use of the premises at 253-259 Wood Avenue as a restaurant with a liquor permit. On the granting of the

variance, they intended to apply to the liquor control commission for the approval of the removal of their business to the new location. The board granted the variance, but from that action the plaintiffs appealed to the Court of Common Pleas. It dismissed the appeal. The plaintiffs thereupon brought the present appeal.

We have held many times that financial hardship alone is not sufficient reason for granting a variance from the application of a zoning regulation. *Forbes* v. *Zoning Board of Appeals*, 146 Conn. 547, 550, 153 A.2d 458; *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals*, 143 Conn. 620, 623, 124 A.2d 918; *Rafala* v. *Zoning Board of Appeals*, 135 Conn. 142, 145, 62 A.2d 337. There is an exception to this rule where the application of a zoning regulation bears so little relationship to the purposes of zoning that, as to the property in question, the regulation is, in effect, confiscatory or arbitrary. *Libby* v. *Board of Zoning Appeals*, 143 Conn. 46, 51, 118 A.2d 894. That is not the situation in the case before us. While the board of appeals assigned no reason for its action, the only reason which it could have given was financial hardship. That would be insufficient to support the action taken by the board of appeals. The plaintiffs' appeal should have been sustained.

In brief and argument in this court, the parties discussed the effect of General Statutes § 30-52, which, before it was amended in 1961, provided that, notwithstanding a zoning regulation prescribing minimum distances between liquor outlets, the liquor control commission "in cases of hardship caused by reason of the commencement of an eviction action" against a permittee could approve the removal of the permit "from one building or place in any zone to another building or place in a proper

business or industrial zone," not more than 500 feet from the former location. Since no action for an eviction had been commenced against the Lombardos when they applied for a variance, it was a prerequisite to future favorable action by the liquor control commission on their application to it for approval of their removal that a variance be allowed by the zoning board of appeals. General Statutes § 30-44; *State ex rel. Wise* v. *Turkington,* 135 Conn. 276, 280, 63 A.2d 596; *Kamerman* v. *LeRoy,* 133 Conn. 232, 236, 50 A.2d 175. However, before judgment was rendered by the Court of Common Pleas on August 31, 1961, the General Assembly amended § 30-52, effective as of June 14, 1961, by making hardship an independent ground for approving the removal of a permit. Public Acts 1961, No. 468. The section now provides, inter alia: "Notwithstanding the existence of any local zoning ordinance or general statute prohibiting or affecting the establishment or removal to a new location of an alcoholic liquor use within certain specified distances of other alcoholic liquor uses of the same or different kinds, the commission, in cases of hardship and in cases caused by reason of the commencement of an eviction action against . . . [the] permittee from the particular building or place in . . . [the] town specified in . . . [the] permit, may endorse upon such permit permission to the permittee to remove from one building or place in any zone to another building or place in a proper business or industrial zone, and the permittee shall thereupon be authorized to remove to such new location with such permit. The applicant for such permission shall specify the building or place to which he wishes to remove, and such new location shall comply with all other provisions of the local zoning ordinances or general

statutes except as hereinbefore provided; and such permittee shall be allowed to move such permit premises only within a radius of five hundred feet of the old permit premises."

The purpose of the amendment is to make it unnecessary for a local zoning authority to grant a variance from the rule requiring a specified distance between liquor outlets as a condition precedent to the approval by the liquor control commission of the removal of a permit, when the following conditions are present: a hardship warranting a removal of the permit to other premises; a relocation not more than 500 feet from the premises for which the permit was originally issued; compliance of the new location with all of the zoning requirements except the regulation specifying a required distance between liquor outlets. General Statutes § 30-52, as amended, is a liquor control provision. Although it does make the granting of a variance unnecessary for favorable action by the liquor control commission in the circumstances specified, it does not preclude the local zoning authorities from considering an application for a variance if a proper party chooses to apply for one. If a variance is granted, it then becomes unnecessary for the liquor control commission, on an application for approval of a removal, to consider the distance restriction at all, because the variance would have removed that restriction as it applied to the premises. On the other hand, an application to the liquor control commission for an approval of a removal under this section is an independent proceeding. If the facts shown to the commission demonstrate to it that the specifications set forth in § 30-52 have been met, the commission has authority to approve the removal, whether or not a variance had previously been al-

lowed. The Lombardos have indicated their intention to apply to the liquor control commission for approval of their removal. If and when they do, that commission can determine whether they are entitled to a removal of their permit under the terms of § 30-52 as amended.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.