KALLAY'S INC. *v.* MARY KATONA, TOWN CLERK
OF THE TOWN OF FAIRFIELD, ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued March 3—decided April 6, 1965

*John T. Fitzpatrick* and *Donal C. Collimore,* with
whom, on the brief, was *T. F. Gilroy Daly,* for the
appellant (plaintiff).

*John J. Darcy,* town attorney, for the appellee (named defendant).

*Daniel D. McDonald,* for the appellees (defendants Lappell et al.).

MURPHY, J. On May 29, 1963, the named defendant as the town clerk of Fairfield certified that the sale of alcoholic liquor under a package store permit for the premises at 973 Kings Highway, Fairfield, for which the plaintiff made application, was not prohibited by the local zoning ordinance. General Statutes § 30-44. On June 12, the named defendant revoked her certification in a letter to the liquor control commission on the advice of the town attorney that the zoning ordinance did prohibit such a use at that address. The plaintiff instituted this action in mandamus to compel the named defendant to certify the plaintiff's application. From a judgment rendered for the defendants, the plaintiff has appealed.

Since 1937, a restaurant with a full liquor restaurant permit has been conducted on these premises by the plaintiff and its predecessor. The premises are in a business zone. A tavern operating under a tavern permit is within 1500 feet of the plaintiff's premises. In 1946, the sale of alcoholic liquor on the plaintiff's premises became a nonconforming use upon the adoption of a zoning regulation which prohibited such a use within 1500 feet of any other premises where the sale of liquor is allowed under any drug store permit, package store permit, restaurant permit, restaurant permit for beer only or tavern permit. Fairfield Zoning Regs. § 3, div. 5 (2) (1961). This regulation is printed in a footnote in *Great Atlantic & Pacific Tea Co.* v.

*Katona,* 151 Conn. 417, 418, 198 A.2d 711. In that case, we construed (p. 421) the use of the word "such" in the phrase "sold under any such permit" in this regulation as applying to any and all of the five types of permits within the prohibited distance. Under this construction, the use to which the plaintiff desires to devote these premises is prohibited.

The plaintiff, however, points out that that opinion states (p. 420) that the purpose of the Fairfield regulation "is not to control competition . . . [but] to control the number of liquor outlets which may exist in a zone where the sale of alcoholic liquor is a permitted use." The plaintiff argues, therefore, that since it proposes to surrender its restaurant permit if the package store permit is issued, there will be no increase in the number of liquor outlets in this zone but simply a substitution of a permit which allows the sale of liquor for off-premises consumption for one which allows the sale of liquor for on-premises consumption. But, the plaintiff overlooks the fact that the exchange of permits would result in a change of use, which would be contrary to § 3, division 5, subsection 1 of the Fairfield zoning regulations, which provides only for the continuance of a licensed nonconforming business selling liquor "under his present license or renewals thereof." It is obvious that a package store permit could not be issued as a renewal of a restaurant liquor permit. See *Barnini* v. *Liquor Control Commission,* 146 Conn. 416, 420, 151 A.2d 697 (distinction between the two types of permits).

Our statement in *Great Atlantic & Pacific Tea Co.* v. *Katona,* supra, 420, concerning the purpose of § 3, division 5, subsection 2 of the Fairfield zoning regulations is not to be interpreted as the plaintiff suggests. As a zoning regulation, it is concerned

with the use of land and buildings. *Great Atlantic & Pacific Tea Co.* v. *Katona,* supra, 420; *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 652, 41 A.2d 908. By regulating the proximity of liquor outlets, the regulation segregates and restricts the location of the buildings which can be used for the sale of alcoholic liquor in a zone. That the restriction may have the effect of limiting the number of outlets in the zone does not affect its primary purpose to govern the location and use of the premises where liquor may be sold legally. *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 292, 57 A.2d 259; *State ex rel. Wise* v. *Turkington,* 135 Conn. 276, 279, 63 A.2d 596; *Miller* v. *Zoning Commission,* 135 Conn. 405, 408, 65 A.2d 577; *Hutchison* v. *Board of Zoning Appeals,* 140 Conn. 381, 385, 100 A.2d 839; *Mac-Kenzie* v. *Town Planning & Zoning Commission,* 149 Conn. 678, 685, 183 A.2d 619. Such a regulation also prevents the undue concentration of liquor outlets in the zone.

The plaintiff is not entitled to have its application for a package store permit certified by the named defendant.

There is no error.

In this opinion the other judges concurred.