CHARLES M. KARP ET AL. *v.* ZONING BOARD OF THE CITY OF STAMFORD ET AL.

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued February 6—decided April 2, 1968

*Isadore M. Mackler,* for the appellants (plaintiffs).

*E. Gaynor Brennan, Jr.,* for the appellees (defendants Coppola et al.).

*Theodore Godlin,* assistant corporation counsel, for the appellee (named defendant).

COTTER, J.   The intervening defendants filed an application with the zoning board of the city of Stamford to amend § 14 of the zoning regulations of the city entitled "Dispensing of Alcoholic Liquors" by adding a new subsection as follows: "H—The fifteen hundred foot restriction of this section shall not apply to removal of an existing (1) package store permit or (2) druggist permit issued by the Liquor Control Commission if the existing site or location is being taken or threatened to be taken in the exercise of eminent domain. No building or premises shall be approved in such case, however, if the new premises applied for shall be within 1000 feet radius from any building or premises then being used for the sale of alcoholic liquor under (1) a package store permit or (2) a druggist permit issued by the Liquor Control Commission."   The amendment was approved by vote of the board, and the plaintiffs took an appeal to the Court of Common Pleas, which sustained the action of the board and rendered judgment dismissing the appeal.   This appeal is taken from that judgment.

The Stamford zoning regulations, inter alia, prohibit the use of premises for "the sale of alcoholic liquor, wine, beer or . . . [ale]" under package store and druggist permits "if any entrance to such

building or premises shall be within 1500 feet radius from any other building or premises being used for the sale of alcoholic liquor" under such permits. Any permittee, however, may "move said place of business to another building or premises within the 1500 feet at a radius above described, provided said other building or premises is not more than 750 feet from the building or premises formerly occupied by said permittee" and provided "the new location is in a district where such use is permitted." Stamford Zoning Regs. § 14(B) (amended to 1965). The validity of this regulation is not under attack in this case, nor was it questioned in *Neuger* v. *Zoning Board*, 145 Conn. 625, 627, 145 A.2d 738, or *Winslow* v. *Zoning Board*, 143 Conn. 381, 384, 122 A.2d 789.

The plaintiffs claim that the action of the board is illegal, arbitrary and in abuse of its discretion because the amendment to the zoning regulations as adopted is in conflict with § 30-52 of the General Statutes and is not in accordance with the comprehensive plan of zoning and because the action of the board is a violation of the fourteenth amendment to the United States constitution and article first, §§ 1 and 20, of the Connecticut constitution in that the amendment creates a classification which is unreasonable and discriminatory in its application to package liquor stores or drugstores holding liquor permits and results in dissimilar treatment of persons or things similarly situated.

I

The zoning regulations in the city of Stamford may be amended from time to time by the zoning board, which thereby acts in a legislative capacity. Stamford Charter § 551; 26 Spec. Laws 1234. Zon-

ing in Stamford is governed by charter provisions. *Luery* v. *Zoning Board,* 150 Conn. 136, 146, 187 A.2d 247.

There is a distinction between the functions and powers of the liquor control commission and those of a zoning board. It is provided by statute, for example, that the liquor control commission shall refuse permits for the sale of alcoholic liquor where they are prohibited by the zoning ordinance of any city or town. General Statutes § 30-44. The extent to which a town has a voice in and control over the sale of alcoholic liquor is illustrated by the local-option statute, which gives a town the right to exercise its option to prevent the sale of alcoholic liquor within its boundaries. General Statutes § 30-9. The town has the power, through its zoning authority, to restrict the use of buildings for the sale of alcoholic liquor to certain zones or districts but cannot, on the other hand, limit the number of liquor outlets in a town since this authority has been delegated to the liquor control commission by the state. General Statutes §§ 30-46—30-48; *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 292, 57 A.2d 259.

Consideration of the amendment was occasioned by the taking, through eminent domain, of a large area in the city for the purposes of redevelopment. The relocation of liquor outlets which would be disturbed by the taking of land for urban redevelopment was a proper basis upon which the zoning board could act as it did, having in mind the flexibility which must exist to meet the demands of changing conditions. See *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 209, 230 A.2d 606. It has been recognized not only in General Statutes § 30-52, the statute which the plaintiffs claim is in

conflict with the amendment, but in our case law that the taking of permit premises by eminent domain is an "exceptional circumstance"; that it may be a proper consideration upon which to base a determination to permit a new location to be used for the sale of alcoholic liquor; and that the action of the board in reaching such a decision has been found to have been reasonable so as not to warrant judicial interference. *Nielsen* v. *Board of Appeals on Zoning*, 129 Conn. 285, 289, 27 A.2d 392; *Mabank Corporation* v. *Board of Zoning Appeals*, 143 Conn. 132, 136, 120 A.2d 149. Although the cases cited concern variances based upon so-called hardship, a board acting as this one did in a legislative capacity certainly may consider such an obvious and precedent-established distinction in its treatment of an amendment concerning a use so circumstanced.

The authority over permits under General Statutes, title 30, chapter 545, "Liquor Control Act," part 4, and particularly § 30-52, which is partially. quoted in the footnote,[1] applies generally throughout the state, but the statutes do not preempt the power of the local legislative zoning authority in the area of zoning vis-a-vis those provisions delegated to the liquor control commission under the Liquor Control Act to regulate the liquor industry. The zoning authority may adopt a more liberal standard in a situation such as this where an existing site may be taken

[1] "Sec. 30-52. PERMIT TO SPECIFY LOCATION AND REVOCABILITY. REMOVAL TO ANOTHER LOCATION. . . . If the site of any permit premises is taken or threatened to be taken in the exercise of the power of eminent domain, the commission may authorize the relocation of such permit premises to a new location, any local ordinance or general statute notwithstanding, provided such new location is zoned for business use and is within a radius of seven hundred fifty feet from the point, on the boundary of the overall site of the proposed taking, nearest to the site of such permit premises."

or threatened to be taken in the exercise of eminent domain. The amendment adopted by the zoning board is not in conflict with General Statutes § 30-52, and as a zoning regulation it is compatible with it. The statute may have particular application to those situations in other communities throughout the state in which a local zoning authority has failed to make any provisions for a hardship situation created by a taking in eminent domain. In such cases, the 750-foot rule promulgated in § 30-52 will, to that extent, provide a remedy to a permittee from the consequences of a set of circumstances not of his own making. *Stapleton* v. *Zoning Board of Appeals,* 149 Conn. 706, 709–12, 183 A.2d 750.

## II

The plaintiffs claim an infirmity in the amendment as adopted because it permits a removal to any district without restriction, whether or not it is zoned for business. The zoning regulations, however, permit the use of buildings for drugstores and package liquor stores only in certain districts, i.e., industrial or business districts. Such uses are not allowed in any of the residential districts. Stamford Zoning Regs., Land Use Schedule, table 1 and table 2 items (87) and (133) (amended to 1965). The regulations are to be construed as a whole, and the provisions of the amendment (§ 14 [H]) must be read together with the portion of the regulations which would limit the relocation of a drugstore or package liquor store to a district in which such a use is permitted by the land use schedules of the zoning regulations. *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 679, 236 A.2d 917. As a matter of construction it is proper to read the zonal use requirements or restric-

tions into the amendment. "Premises may be used for the sale of liquor in certain zones only." *Miller v. Zoning Commission,* 135 Conn. 405, 408, 65 A.2d 577.

In Stamford, the comprehensive plan is to be found in the master plan and the zoning regulations. *Luery v. Zoning Board,* 150 Conn. 136, 143, 187 A.2d 247. The amendment is one of general application, affecting all within a given class, namely, package liquor stores and drugstores. The locations in which such stores are permitted were established before the passage of the amendment we are considering, and the zoning regulations which divided the municipality into districts for purposes of zoning and which provided for the use of buildings and land within such districts have not been challenged in this action. Since the relocation of a liquor package store or a drugstore can only be made in a business or industrial zone as established by the restrictions in the zoning regulations, violence is not done to the comprehensive plan, and the effect of the amendment in its general application cannot be said to be spot zoning. *Metropolitan Homes, Inc. v. Town Plan & Zoning Commission,* 152 Conn. 7, 12, 202 A.2d 241.

### III

The guarantee of equal protection is "aimed at undue favor and individual or class privilege, on the one hand, and at hostile discrimination or the oppression of inequality, on the other." *Truax v. Corrigan,* 257 U.S. 312, 332, 42 S. Ct. 124, 66 L. Ed. 254; 16 Am. Jur. 2d, Constitutional Law, § 335 p. 643, § 485 p. 846. Equal protection of the laws forbids all invidious discrimination but does not demand identical treatment for all persons without con-

sideration of differences in relevant circumstances. *Norvell* v. *Illinois,* 373 U.S. 420, 83 S. Ct. 1366, 10 L. Ed. 2d 456; *Rinaldi* v. *Yeager,* 384 U.S. 305, 86 S. Ct. 1497, 16 L. Ed. 2d 577. The provisions of the federal and state constitutions have the same meaning and impose similar constitutional limitations. *Cyphers* v. *Allyn,* 142 Conn. 699, 703, 118 A.2d 318.

The taking of property in eminent domain for highway expansion, urban renewal and other governmental purposes has become quite common. The establishment of the regulation in question was within the legislative capacity of the zoning board, and we cannot say that the classification it approved was unreasonable. The board was aware of the taking, by eminent domain, of a large area in the business district of Stamford for the purposes of urban redevelopment. The relocation of individuals and business establishments and the economic impact on the municipality under such circumstances are of grave concern to the general welfare of the community. As a consequence, it is not uncommon, for example, for a governmental agency in the proper exercise of its powers to give reasonable consideration or assistance to businesses and persons in the path of urban renewal because of the general difficulties, hardship and economic disruption to the community created by such displacements. The property tax lists, as one illustration, are drastically and adversely affected, and a consequent loss of revenue may result because of such condemnation. Usually, such a condition, as far as a city is concerned, cannot be satisfactorily ameliorated unless there is an alternative possibility for relocation within a suitable district in the municipality. On the basis of such factors it cannot be said that the regulation in question did not bear

a reasonable relation to the public welfare within the particulars specified in General Statutes § 8-2. *Fairlawns Cemetery Assn., Inc.* v. *Zoning Commission*, 138 Conn. 434, 440, 86 A.2d 74. We have held, in a case concerning § 14 of the Stamford regulations relative to the dispensing of alcoholic liquors, that an amendment making the 1500-foot restriction inapplicable to one package store in any shopping center was valid and that the purpose of the amendment was to benefit the community as a whole. *Neuger* v. *Zoning Board*, 145 Conn. 625, 633, 145 A.2d 738. The relocation is involuntary on the part of the permittee and is necessary for reasons beyond his control. "The public health, safety and welfare do not require a strict enforcement of the 1500-foot restriction," and the granting of an exemption "would be in harmony with the purpose and intent of the zoning regulations" because the relocated site must be within a zone where the regulations permit the sale of alcoholic liquors under a package store permit or a druggist permit. *Mabank Corporation* v. *Board of Zoning Appeals*, 143 Conn. 132, 134, 120 A.2d 149.

We have liberally treated and resolved the variegated problems arising from distance limitations. In a somewhat analogous situation involving § 14 of the Stamford zoning regulations concerning the dispensing of alcoholic liquors, we upheld as valid an amendment adopted in 1954 by the zoning board of the city of Stamford which was made to the board on a petition of a company which was the lessee of restaurant premises where intoxicating liquors were not sold and which was within 1500 feet of numerous restaurants and taverns where alcoholic liquors were sold for consumption. The amendment as adopted exempted a restaurant in

existence on December 1, 1951, from the provisions of the 1500-foot restriction. *Winslow* v. *Zoning Board,* 143 Conn. 381, 384, 122 A.2d 789. Therein we observed (p. 385) : "The use is already allowed by the regulations." In upholding the power to enact the amendment, the court stated (p. 390) that the board must be free to correct any correctable injustice wrought by existing regulations and alter provisions which time or application have shown to be unwise or subject to desirable change. We refused to find that the action of the board did not have a reasonable relation to the health, safety, welfare or prosperity of the community or that it was hostile to the general plan of zoning for the community, and in words equally applicable to the present case we stated (p. 391) : "The determination of when the public interest does require an amendment is within the discretion of the legislative agency. . . . The necessity for legislative action, like the expediency and wisdom of an enactment, is a question which lies beyond the judicial realm. . . . The amendment . . . was one of general application, effective in the designated zones throughout the municipality . . . [and] the board may have viewed the amendment as essential to rectify an injustice. The wisdom of the change is not open to analysis by us, nor can we say that the amendment does not further the public interest."

Zoning regulates the use of land irrespective of who may be the owner of such land at any given time and is defined "as a general plan to control and direct the use and development of property in a municipality or a large part of it by dividing it into districts according to the present and potential use of the properties." *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 652, 41 A.2d 908; *State National Bank*

v. *Planning & Zoning Commission,* 156 Conn. 99, 102, 239 A.2d 528. The matter of a distance restriction, however, only operates collaterally in its effect on a zoning regulation. It imposes a restriction of a limited business operation in an established zonal classification. Fundamentally, the sale of liquor is limited, in Stamford, to certain business or industrial zones, subject to the 1500-foot requirements. In effect this limitation demonstrates that under the comprehensive plan the zoning commission intended to segregate liquor outlets into two zones and to impose as a collateral matter such restrictive distance provisions upon their number as the law permits. *Hutchison* v. *Board of Zoning Appeals,* 140 Conn. 381, 386, 100 A.2d 839; 101 C.J.S., Zoning, § 136. It is a statutory mandate that the zoning ordinances of any city or town must be complied with before any permit for the sale of alcoholic liquor can be granted by the liquor control commission. General Statutes § 30-44; *Kamerman* v. *LeRoy,* 133 Conn. 232, 236, 50 A.2d 175. In discussing a 1500-foot limitation we said: "Premises may be used for the sale of liquor in certain zones only. The effect of the limitation is not to create a number of zones each centering about a place used for the sale of liquor; the limitation is upon the uses which may be carried on within the zones where such sale is permitted." *Miller* v. *Zoning Commission,* 135 Conn. 405, 408, 65 A.2d 577. Since the use is already allowed by the regulations, the permitted relocation is of general application effective in the designated zones throughout the municipality. *Neuger* v. *Zoning Board,* 145 Conn. 625, 633, 145 A.2d 738.

If the classification has a reasonable basis, the ordinance is not rendered unconstitutional. *Watson*

v. *Maryland,* 218 U.S. 173, 30 S. Ct. 644, 54 L. Ed. 987; *Francis* v. *Fitzpatrick,* 129 Conn. 619, 622, 623, 30 A.2d 552. And it is sufficient if it is practical. *Orient Ins. Co.* v. *Daggs,* 172 U.S. 557, 562, 19 S. Ct. 281, 43 L. Ed. 552. Although the plaintiffs argue that there may be some technical difficulties in applying the sections of the regulations under discussion, it is a rule of constitutional law that a classification is not offensive merely because it is not made with mathematical nicety if it has some reasonable basis. *Morey* v. *Doud,* 354 U.S. 457, 77 S. Ct. 1344, 1 L. Ed. 2d 1485; 16 Am. Jur. 2d 883, Constitutional Law, § 504. "There is no illegal discrimination where there is between the classes some natural and substantial difference germane to the subject and purposes of the legislation. . . . Whether there is such a difference is primarily for the legislative branch of government to determine and the courts cannot interfere unless the classification is clearly unreasonable." *Murphy, Inc.* v. *Westport,* 131 Conn. 292, 303, 40 A.2d 177; see *Seaboard Air Line R. Co.* v. *Seegers,* 207 U.S. 73, 28 S. Ct. 28, 52 L. Ed. 108; 16 Am. Jur. 2d 874, Constitutional Law, § 500. We have sustained, as not involving illegal discrimination, a statute which subjected the automobile junk business to regulations not applicable to junk dealers in general. *State* v. *Kievman,* 116 Conn. 458, 467, 165 A. 601. We have held that the treatment in the zoning regulations of a town of the parochial and private school as a class separate and distinct from the public school is justified. *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 726, 184 A.2d 42.

The fact that, as applied to the 1500-foot restriction, § 14 (B) of the zoning regulations relative to package store and druggist permits allows a relo-

cation within 750 feet without any prescribed reason therefor and that the amendment, by adding subsection (H) to § 14 of the same regulations, allows a permittee in the same class, if the existing site or location is being taken or threatened to be taken in the exercise of eminent domain, to remove to a new building or premises if the new premises are not within a 1000-foot radius from any building or premises then being used for the sale of alcoholic liquor under such class of permits does not establish an invalid classification. *Lyman* v. *Adorno*, 133 Conn. 511, 520, 521, 52 A.2d 702. We therefore conclude that § 14 (H) is not arbitrary, capricious, discriminatory or unreasonable and that it violates no constitutional right of the plaintiffs.

There is no error.

In this opinion THIM and RYAN, Js., concurred.

HOUSE, J. (dissenting). I cannot agree with the majority opinion in this case.

The authority granted to Stamford to adopt zoning regulations (Stamford Charter § 550; 26 Spec. Laws 1234) is similar to that prescribed in § 8-2 of the General Statutes. That authority is, in general, to zone the municipality so as to promote the general welfare and to encourage the most appropriate use of land, not to accord recognition to the status or the identity of the individual user. *Del Buono* v. *Board of Zoning Appeals*, 143 Conn. 673, 679, 124 A.2d 915; *State ex rel. LaVoie* v. *Building Commission*, 135 Conn. 415, 419, 65 A.2d 165; *Abbadessa* v. *Board of Zoning Appeals*, 134 Conn. 28, 32, 54 A.2d 675; see Rhyne, Municipal Law § 32-1, p. 811. Section 14 (H) of the regulations attempts to control the use of property in the city, not on the basis of the appropriate use of the land,

the public welfare and conformance to an established comprehensive plan, but in the personal interest of a narrowly limited class of would-be occupants. The purpose of the regulation is to afford preferential status to certain individuals rather than to zone according to a comprehensive plan for the municipality. This is not a proper exercise of the city's zoning authority. *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 172 A.2d 619.

The regulation also purports to encroach upon the statutory authority of the state liquor control commission. It provides that "[n]o building or premises shall be approved" for the relocation of package store or druggist permits except under conditions laid down by the regulation. The General Assembly has vested in the liquor control commission broad supervisory powers over the location of permit premises and its effect on the community. General Statutes § 30-46. It has granted the liquor control commission sole authority to approve the relocation of liquor permit premises under circumstances, among others, such as this zoning regulation would recognize. General Statutes § 30-52; *Stapleton* v. *Zoning Board of Appeals,* 149 Conn. 706, 711, 183 A.2d 750. A municipality may by zoning ordinance prescribe zones or areas in which the location of liquor outlets is prohibited; *Kallay's, Inc.* v. *Katona,* 152 Conn. 546, 549, 209 A.2d 185; and, where the statute so provides, the liquor control commission, acting pursuant to the mandate of the statute, is required to comply with such a restriction. It is, however, only in this manner that the municipality may restrict the location of permit premises. *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 293, 57 A.2d 259. It cannot by ordinance legislate any limitation upon the exercise of the statutory author-

ity of the liquor control commission or direct what it can or cannot approve. In the exercise of its statutory powers the liquor control commission is beyond control by any municipality except as limitations are found in statutory provisions. *Canzonetti* v. *New Britain,* 147 Conn. 478, 481, 162 A.2d 695; *Fowler* v. *Enfield,* 138 Conn. 521, 530, 86 A.2d 662; see *Shelton* v. *City of Shelton,* 111 Conn. 433, 438, 150 A. 811.

Of more serious import is the rejection in the majority opinion of the plaintiffs' contention that the regulation violates the provisions of article first, §§ 1 and 20, of the Connecticut constitution that "no man or set of men are entitled to exclusive public emoluments or privileges from the community" and that "[n]o person shall be denied the equal protection of the law" and the provision in the fourteenth amendment of the constitution of the United States that no state shall "deny to any person within its jurisdiction the equal protection of the laws." It is to be noted that the Stamford regulation differs significantly from the statute which empowers the liquor control commission to authorize the relocation of permit premises in cases of hardship, in cases caused by reason of the commencement of an eviction action against a permittee from the premises specified in his permit and in cases where the site of the permit premises is taken or threatened to be taken in the exercise of eminent domain. General Statutes § 30-52. This statute is one of general application and applies to "any permit premises." In contrast, the Stamford regulation grants its benefits to but two of the many types of liquor permits, package store and druggist permits. Within these two categories, special exemption from the operation of the 1500-foot restriction is given only to hold-

ers of permits whose premises are being taken or threatened to be taken in the exercise of eminent domain. Thus, a small subclass of persons has been selected for preferential consideration in the location of their businesses. They as individuals, for reasons personal to themselves, are permitted to conduct their businesses in locations where, except for persons in their preferred status, the property cannot be lawfully used for the same purpose under zoning regulations enacted pursuant to authority to zone land upon the basis of use and not the identity of the user.

"Legislation cannot arbitrarily divide a class into two parts and constitute a different rule of law governing each of the parts of the severed class. The basis for a reasonable classification must show such a difference as to justify the division. 'A proper classification . . . must embrace all who naturally belong to the class—all who possess a common disability, attribute or qualification and there must be some natural and substantial difference germane to the subject and purposes of the legislation between those within the class included and those whom it leaves untouched.' " *St. John's Roman Catholic Church Corporation* v. *Darien*, 149 Conn. 712, 723, 184 A.2d 42 (quoting from *State* v. *Cullum*, 110 Conn. 291, 295, 147 A. 804); *State* v. *Hurliman*, 143 Conn. 502, 505, 123 A.2d 767; *State ex rel. Higgins* v. *Civil Service Commission*, 139 Conn. 102, 107, 90 A.2d 862; *Warner* v. *Gabb*, 139 Conn. 310, 314, 93 A.2d 487; *Lyman* v. *Adorno*, 133 Conn. 511, 520, 52 A.2d 702. Nothing in this record suggests any legitimate purpose of zoning which is to be served by treating two classes of liquor permit differently from any other of the many types of permit. Nor is any basis suggested to justify this

classification within the liquor business as a whole. Under the circumstances, not only is the classification unconstitutionally discriminatory but it is not germane to the subject and purposes of zoning regulating the appropriate use of land and buildings.

In my opinion § 14 (H) of the zoning regulations is not a valid and constitutional exercise of the zoning authority granted to Stamford in its charter.

In this dissenting opinion ALCORN, J., concurred.