HOMER J. PELCHAT ET AL. *v*. PLANNING AND ZONING
COMMISSION OF THE CITY OF TORRINGTON ET AL.

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued November 5—decided November 30, 1971

*John L. Gerardo,* for the appellant-appellee (defendant Graziani).

*Thomas F. Wall, Jr.,* for the appellees-appellants (plaintiffs).

*Harry Ossen,* for the appellee (named defendant) on the plaintiffs' cross appeal.

PER CURIAM.  The defendant Roland Graziani is the owner of land situated on the south side of East Main Street and on the east side of Pineridge Road in the city of Torrington.  The northerly portion of the land fronting on East Main Street was zoned for business to a depth of 200 feet.  The remainder of the property, the subject of this action, fell into a residential R-10 zone.  This latter area measured 140 feet on the north, 125 feet on the south, 150 feet on the east and 105 feet on Pineridge Road on the

west. The southerly side of East Main Street is zoned for business to a uniform depth of 200 feet for a distance of about 2000 feet in this area of the city and all the side streets running south from East Main Street in the area, including Pineridge Road, after the depth of 200 feet from East Main Street are in the R-10 zone. In 1967, the board of councilmen acting as the zoning commission of the city of Torrington denied Graziani's application to change the R-10 portion of his property to a business zone. In 1968, he again applied for the same change of zone and the planning and zoning commission, which had replaced the board of councilmen as the Torrington zoning authority, approved the application and changed the rear portion of the property from R-10 to a business zone. From this action of the planning and zoning commission the plaintiffs, residents of the immediate area, appealed to the Court of Common Pleas which sustained the appeal on a finding that the plaintiffs were aggrieved parties. It concluded "that the attempt to effect this zone change, relative to this small parcel only, was not in accordance with the comprehensive plan and that it did constitute spot zoning." The defendant Graziani appealed to this court from the judgment sustaining the appeal and the plaintiffs filed a cross appeal predicated on a claim that the court had erred in concluding that a special act of the General Assembly—34 Spec. Laws, No. 144—had validated the authority of the Torrington planning and zoning commission to enact zoning ordinances and zoning changes.

It is unnecessary to decide the merits of the plaintiffs' cross appeal. We find no error in the judgment as rendered sustaining their appeal to the Court of Common Pleas. The record amply supports the con-

clusion of the court that the change of zone for this small parcel was not in accord with the comprehensive plan for zoning in Torrington and constituted spot zoning. See *Furtney* v. *Zoning Commission,* 159 Conn. 585, 600, 271 A.2d 319; *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 172 A.2d 619.

There is no error.