STATE OF CONNECTICUT *v.* PAULETTE A. THIBODEAU

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. P 11-8176

Argued May 2—decided June 6, 1972

*Paulette A. Thibodeau,* pro se, the appellant (defendant).

*James N. Oliver, Jr.,* prosecuting attorney, for the appellee (state).

MISSAL, J. On November 10, 1971, the defendant was issued a $5 parking ticket for illegal parking on the grounds of the University of Connecticut at Storrs. She failed to pay the ticket and subsequently was issued a summons for illegal parking in violation of § 10-144 of the General Statutes. After a trial to the court, the defendant was found guilty and has appealed to the Appellate Division of the Court of Common Pleas.

The pertinent part of §10-144 of the General Statutes provides: "The trustees of The University of Connecticut, subject to the approval of the state

traffic commission, may prohibit, limit or restrict the parking of vehicles . . . . Any person who fails to comply with any such prohibition or restriction shall be fined not more than twenty-five dollars." The statute then provides that fines imposed on university students shall be paid to the scholarship account, while all other fines belong to the town in which the violation occurred.

The defendant is not contesting the constitutionality of the statute itself but is appealing because of the discriminatory manner in which the statute is being administered. See *Norris* v. *Alabama,* 294 U.S. 587. The parking provision of the statute is being enforced by a penalty of $3 for students of the university and $5 for all others.

As is often the case where a layman who is without legal training and is unskilled in legal practice and procedure brings an appeal, the rules of practice have not been followed; the record is devoid of a request for a finding, and no transcript was furnished us. In accordance with *Bitonti* v. *Tucker,* 162 Conn. 626, however, we recognize that great latitude should be afforded a layman who represents herself in legal proceedings such as the instant appeal, so far as this latitude does not interfere with the just disposition of the case before us.

The principal contention of the defendant is that she was denied equal protection of the laws, as guaranteed her under the fourteenth amendment to the constitution of the United States and article first, § 20, of the constitution of Connecticut, because the dual set of parking penalties enforced by the university trustees places a greater burden upon one class of citizenry than another, namely, nonstudents as against students.

The provisions of the federal and state constitutions as to equal protection of the laws "have the

same meaning and impose similar constitutional limitations," and hence will be considered together. *Karp* v. *Zoning Board,* 156 Conn. 287, 295.

The guarantee of equal protection is "aimed at undue favor and individual or class privilege, on the one hand, and at hostile discrimination or the oppression of inequality, on the other." *Truax* v. *Corrigan,* 257 U.S. 312, 332. Neither the federal nor the Connecticut constitution, however, prevents classification for the purpose of legislation. Classification is unconstitutional only when it is arbitrary, unreasonable and unjustified. *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 218. A statute does not deny equal protection of the laws merely because it extends to some persons privileges denied to others, or imposes restrictions or liabilities on some but not on others. *Silver* v. *Silver,* 108 Conn. 371, 378. The classification must have a fair and substantial relation to the object of the legislation. *F. S. Royster Co.* v. *Virginia,* 253 U.S. 412, 415. Thus, it was held that it was not unconstitutional to classify different types of motor vehicles; *Silver* v. *Silver,* supra; to separate liquor outlets from other businesses in eminent domain proceedings; *Karp* v. *Zoning Board,* supra; to regulate and control liquor outlets more strictly than other businesses; *Francis* v. *Fitzpatrick,* 129 Conn. 619; to regulate stores that sell food; *State* v. *Cullum,* 110 Conn. 291; or to license real estate brokers. *Cyphers* v. *Allyn,* 142 Conn. 699.

The General Assembly has the power to regulate the parking of motor vehicles on streets and highways, and any reasonable regulation must be upheld. The legislature may delegate its power to the towns or other state subdivisions. *Edwards* v. *Hartford,* 145 Conn. 141, 145; *Cassidy* v. *Waterbury,* 130 Conn. 237, 239. It is incumbent on the defendant to

prove that the parking regulation is unreasonable or arbitrary. This she has failed to do. *DePace* v. *Mayor & Council of Wilmington,* 44 Del. 319.

We cannot hold that the action of the trustees of the University of Connecticut in administering § 10-144 of the General Statutes so as to require a smaller fine for students than for nonstudents, for overparking, is unreasonable, arbitrary and unjustified. The separate classification of students and nonstudents cannot be said to be unreasonable and arbitrary. Students, for the most part, are unemployed and dependent on their parents for tuition and subsistence, and are subject to many other rules and regulations and disciplinary controls of the trustees from which nonstudents are exempt.

So long as each student is treated equally with every other student and every nonstudent is treated equally with every other nonstudent, the constitutional requirement of equal protection of the laws is satisfied.

There is no error.

In this opinion MIGNONE and O'BRIEN, Js., concurred.